### MYERS v. METROPOLITAN EL. RY. CO. et al.

*(Common Pleas of New York City and County, General Term.   December 1, 1890.)*

1. PLEADING—SUPPLEMENTAL COMPLAINT—DEMURRER.
   A clause in an order granting leave to serve a supplemental complaint allowed defendant a certain time to serve an answer. *Held,* that this was not erroneous because it did not provide for a demurrer, as a demurrer to a supplemental complaint is not authorized by the Code.

**2. SAME—TERMS.**

An order granting leave to serve a supplemental complaint provided that no new notice of trial need be served, and that the issue should retain its original date, its number on the calendar, and its place on the day calendar. *Held,* that these terms were within the discretion of the court, the case having been on the calendar more than a year.

Appeal from special term.

Action by Edward Myers against the Metropolitan Elevated Railway Company and the Manhattan Railway Company. An order in the action granting leave to plaintiff to serve a supplemental complaint provided "that the defendants have twenty days' time within which to serve an answer thereto;" and "that no new notice of trial need be served, and that the action as continued shall retain its present date of issue, its present number on the general calendar, and its present position on the day calendar." From this order defendants appeal. Code Civil Proc. N. Y. § 544, provides that, "upon the application of either party, the court may, and, in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer, or reply," etc.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Davies & Rapallo,* for appellants. *Abbett & Fuller, (Henry Schmitt,* of counsel,) for respondent.

BOOKSTAVER, J. The motion for leave to serve the supplemental complaint was granted on notice to the defendants, and the order recites that no objection was made to the motion. The appeal is taken from so much of the order as required the defendants' pleading to the supplemental complaint to be an answer, and from the provisions in the order that no new notice of trial should be served, that the action as continued should retain its original date of issue, its old number on the calendar, and its position on the day calendar. The first ground of appeal we do not think is well taken. There is no provision in the Code which authorizes a demurrer to a supplemental complaint. Four sections of the Code are devoted to the subject of demurrers. Section 492 provides for a demurrer to the whole complaint, or to any cause of action; section 493 provides for a demurrer to a reply; section 494 provides for a demurrer to an answer; and section 495 provides for a demurrer to a counter-claim, where the defendant demands affirmative judgment. None of these provides for a demurrer to a supplemental complaint, as was decided in *Frericks* v. *Coster,* 17 Reporter, 168; *Fleischman* v. *Bennett,* 1 Law Bull. 493; and the reason for this is obvious. As a general rule, supplemental complaints do not state a cause of action; they are confined by section 544 of the Code to matters occurring after the original complaint was drawn, or of which the pleader was ignorant when it was made. In this case the supplemental complaint merely sets up an assignment by one of the original plaintiffs of his interest in the cause of action to the other, after the action was commenced, to show the present interest of one of the plaintiffs in the entire cause of action. In *Hayward* v. *Hood,* 44 Hun, 129, Justice VAN BRUNT says: "As the supplemental complaint did not pretend to set out an independent or different cause of action from that contained in the original complaint, it was to be read as part and parcel of the complaint; and if the two complaints contained a cause of action which was not demurrable, an answer upon the part of the defendants was required. It would seem, therefore, that no issue was raised by the demurrer to the supplemental complaint, that not being a complete complaint in itself, and that it was error to entertain such demurrer." It was not necessary, therefore, that the order should provide for a demurrer in this case.

But even if the defendants' contention is right, that they should have had an opportunity to demur to the supplemental complaint, the order did not prohibit them from so doing. If the Code authorizes such a pleading, there

was no need to insert it in the order. It is plain, if the order in this case had stopped on granting the plaintiff leave to serve the supplemental complaint, the defendant would, by the Code, have been allowed 20 days within which to answer it without any provision in the order; and the same is true of a demurrer. The terms on which a supplementary complaint will be allowed are largely within the discretion of the court permitting it, (Code Civil Proc. § 544;) and we do not think the court below abused its discretion in this case. Even had the motion been opposed, the terms upon which it would have been granted would still have been within the discretion of the court. A distinction must be made between an amended complaint and a supplemental complaint. An amended complaint takes the place of the original, but a supplemental one does not. When an amended complaint is served, it supersedes the original for the purposes of the issues in an action. A supplemental complaint, however, never takes the place of an original; the issues joined under the original pleadings remain as issues to be tried in the action; and, as a general rule, a supplemental complaint does not state a cause of action. In this case the supplemental complaint was allowed to be served, merely to show the present interest of one of the original plaintiffs to the entire cause of action; whereas, when it was commenced, he was only a part owner of it. It has been held that even where an amended complaint is allowed to be served, it is within the discretion of the court to require a new notice of trial and a new note of issue or not. *McBride* v. *Langan*, 11 N. Y. Supp. 626; *Ingraham* v. *Insurance Co.*, (in this court.) In our judgment, it was in the interest of justice to allow this case to remain on the calendar where it had been for over a year, and not to require a new note of issue or a new notice of trial. I think, therefore, the order appealed from should be affirmed, with costs.

NOTE. Ingraham v. Sterling Insurance Co., cited in the opinion above, filed January, 1880, has never been reported. It was a decision of the court of common pleas of New York city and county, special term, on a motion by defendant to vacate an order directing the action to be placed on the day calendar. The opinion is as follows:

"DALY, J. The issue under the pleadings as they originally stood was joined March 27, 1877, and the cause noticed for May term, 1877, and placed on the general calendar. The complaint was amended on motion of plaintiff on May 23, 1879, and the amended complaint served on July 7, 1879, and the answer thereto served July 28, 1879. No new notice of trial was given, and the cause remains on the calendar by its old number. The question is whether a new notice of trial and a new note of issue were necessary after the joining of the new issue. In Black v. Bank it was held to be discretionary with the court to order the issue to date back when an amended answer is served. 2 Abb. N. C. 332. In Bailey v. Spofford it was held that the place on the calendar must be controlled by the date of issue under the amended pleadings. VAN BRUNT, J., at circuit; LAWRENCE, J., at special term. 2 Abb. N. C. 333, note. In Washburn v. Herrick, and Cusson v. Whalon, it is intimated that where notice of trial is served, and the cause put on the calendar before the time of right to amendment of course expires, the party noticing does so at his peril. 4 How. Pr. 15; 5 How. Pr. 305. The considerations on the other side of the question are those arising upon the construction of the Code as to notices of trial and notes of issue. Section 977. It is provided that, in the city of New York, where a party has served a notice of trial, and filed a note of issue for the term at which the cause is not tried, it is not necessary for him to serve a new notice of trial or file a new note of issue for a succeeding term, and the action must remain on the calendar until disposed of. It is claimed, as no exceptions are made, the provision as to one notice and one note of issue apply to cases of amended pleadings, as well as all cases put on the calendar, and that the enactment was made for this city owing to the great delay that would result from requiring a new note of issue in case of amended pleadings. And it is further objected that, if a new notice is required, amendments on the trial could not be allowed without the other party acquiring an absolute right to have the trial stopped and the cause renoticed. It may be said, in answer, that the note of issue required by the Code to be filed should be filed as often as the issue is changed, in order to comply with the Code; that the cause is not on the calendar according to its date of issue, unless on the calendar under the date of the new issue; that the Code has not provided for the case of amendment after issue joined, and the provisions of section 977 do not apply to such a case; and finally that the delay caused by a new notice is for the plaintiff to consider when he applies for his amendment. The practice of the supreme court is in favor of defendant's view,

and, until the question is settled by our general term, should be adopted. It may always, of course, be made a condition of granting an amendment that the cause be tried when reached under its original issue number, if the other party exacts such terms. Motion granted. Plaintiff must serve a new notice of trial, and file a new note of issue, before this cause can be brought on for trial."