(75 App. Div. 285.)

### JOHNSON v. MANNING.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. ACTION IN MUNICIPAL COURT—FILING TRANSCRIPT OF JUDGMENT—SUBSEQUENT JURISDICTION.

Under Code Civ. Proc. §§ 3017, 3220, and Greater New York Charter, § 1369, by which, when the transcript of the judgment of the municipal court is filed in the office of the clerk of the county, thenceforth it is deemed to be a judgment of the supreme court, and must be enforced accordingly, while the supreme court has not jurisdiction to set aside the judgment on the ground that defendant was not served with a summons, it has jurisdiction to stay or set aside proceedings, subsequent to the filing of the transcript, to enforce the judgment.

Appeal from special term.

Action by Christina Johnson against John J. Manning, as president of Local Union No. 471 of the United Brotherhood of Carpenters and Joiners of America. From an order denying a motion to set aside a judgment for plaintiff and all subsequent proceedings, defendant appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James T. O'Neill, for appellant.
F. J. Moissen, for respondent.

JENKS, J. On October 11, 1901, the plaintiff recovered a judgment by default in the municipal court, borough of Brooklyn, against an unincorporated association, consisting of more than seven members, after service of the summons and complaint upon Mr. Manning as president thereof. A transcript of the judgment was filed, the judgment was docketed in the office of the clerk of Kings county, and execution thereon was issued to the sheriff, who returned it unsatisfied. Proceedings supplementary revealed a deposit in a bank to the credit of the association, and the plaintiff applied to the special term for an order that the bank pay the judgment. Upon the direction of the court, notice of the application was given to the association. Before the day set for the hearing, the association, through its president, obtained an order that the plaintiff show cause why the judgment and all subsequent proceedings taken pursuant thereto should not be set aside for the reason that the defendant association had never been served with the summons and complaint. The motion was denied, and therefore the defendant association appeals.

The learned counsel for the respondent contends that the special term was without jurisdiction to entertain the motion. Section 1369 of the Greater New York charter makes the provisions in force De-

cember 31, 1897, relating to district courts, applicable to the court wherein this action was begun. When a transcript of a judgment of such court is filed in the office of the clerk of the county in which the judgment was rendered, and thereupon the judgment is docketed, the judgment "is. deemed to be a judgment of the supreme court," and "must be enforced accordingly." Sections 3220, 3017, Code Civ. Proc. As to the force and effect of these or of similar provisions, the courts have not always agreed. In Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829, the contention of the plaintiff was that the judgment became a judgment of the court wherein the transcript was filed and the judgment was docketed, to all intents and purposes, and, though the decision of the court was upon another question than that herein involved, yet the opinion indicates its view of the statute. Inter alia, the court, per Earl, J., say:

"After a justice's judgment has been docketed in the county clerk's office, it becomes a mere statutory judgment of the county court. It is not in fact a judgment of that court. There has been no judicial action there, and no judgment has been, in fact, entered or rendered."

The rest of the opinion may be read as pertinent. Edel v. McCone (Com. Pl.) 10 N. Y. Supp. 538, is directly in point.

I think that the order of the special term, so far as it denies the motion to vacate the judgment, may be affirmed on the ground that the supreme court had not jurisdiction. Szerlip v. Baier, 21 Misc. Rep. 331, 47 N. Y. Supp. 133, and Beebe v. Show Case Co., 41 App. Div. 456, 58 N. Y. Supp. 769, are decisions relating to the practice. But the defendant also sought to vacate and to set aside "all subsequent proceedings taken pursuant thereto"; i. e., relating to the enforcement of the judgment. Those proceedings flowed out of the filing of the transcript and the docketing of the judgment in the supreme court, and therefore I think that the court had the power to stay or to set aside the execution and the proceedings supplementary to it. In Rowe v. Peckham, 30 App. Div. 173, 51 N. Y. Supp. 889, the court affirmed an order of the county court wherein a judgment of a justice's court had been docketed which set aside an execution; Landon, J., after citing the provisions of section 3017, pertinently saying, "Staying the execution relates to the enforcement of the judgment, and jurisdiction to enforce implies jurisdiction to stay the enforcement."

The summons and complaint were served upon Mr. Manning, as president, on or about October 1, 1901. He deposes that he was not the president at that time, and so told the process server, and that his term expired on July 1, 1901. The treasurer of the association deposes that he was never served. Mr. Farrell, who deposes that he was the president of the association from July 1, 1901, to January 6, 1902, submits an affidavit that no service of any kind has ever been made upon him. The plaintiff does not allege that any other than Mr. Manning was ever served herein, and, in answer to the positive affidavits, submits only the affidavit of her attorney, a most reputable member of the bar, whose affidavit, however, does not show positive knowledge, or any grounds for his averment.

I think that the order should be modified by staying all proceed-

ings in enforcement of the judgment as docketed in the supreme court until the hearing and disposition of proceedings which the defendant association may be advised to take, and promptly may take, toward relief from said default and the consequences thereof, and, as so modified, affirmed, but without costs to either party. All concur, except HIRSCHBERG, J., who votes for affirmance.