(117 App. Div. 820)

MOSSEIN v. EMPIRE STATE SURETY CO.

(Supreme Court, Appellate Division, Second Department.   March 1, 1907.)

1. APPEAL—LIABILITY ON BONDS—CONSTRUCTION—CONDITIONS.

   Where, in an action by J. against M. as president of an association, plaintiff, after securing a default judgment and recovering money on supplementary proceedings, was, by an order enabling M. to perfect his appeal from an order denying his motion to set aside the judgment, required to make restitution of the money obtained on supplementary proceeding, by depositing it in a bank to the credit of M.'s association, an undertaking on appeal for J., that if the order for restitution be affirmed J. will pay the sum directed to be paid, does not authorize judgment that the

money be paid to M. as president outright, but only that it be deposited in the bank to the order of M.'s association; the sole purpose of the order of restitution being to have it await the result of proceedings to avoid. the default judgment, and such judgment being still in force.

2. SAME—INTEREST.
>   One giving a bond conditioned to pay a certain sum if an order is affirmed is chargeable with interest from the time its liability is determined.
>
>   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4776.]

3. COSTS—PERSONS LIABLE.
>   Where a surety company gives a bond for a person and defends an action thereon, it is chargeable with costs; recovery being against it.

4. JUDGMENT—VACATION—RESTITUTION—ENFORCEMENT.
>   Where an order for restitution is made in an action, and a bond is given conditioned that the restitution be made if the order is affirmed, the right to restitution may be enforced by action on the bond.
>
>   [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 761; vol. 1, Action, § 270.]

5. PLEADING—CONDITIONS OF AMENDMENT.
>   The Special Term, in allowing amendment of the complaint, may provide that service of the amendment shall be without prejudice to the position of the case on the general Trial Term calendar of the court.
>
>   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 626–629.]

6. TRIAL—APPLICATION FOR POSTPONEMENT.
>   Under rule 83, Calendar Rules of Trial Term, Kings County, applications for postponement being required to be made in part 1, and cases being sent therefrom to the various trial parts for dispositions, application to one of such trial parts that the case be not tried, on the ground that notice had not been served and that therefore the case was not properly on the calendar, is properly denied, on the assumption that, the case having been sent there, the court in part 1 had passed on and denied the application.

·7. APPEAL.
>   Appeal from the denial by the Trial Term of the application that the ·case be not tried on the ground that it was not properly on the calendar is not the proper practice to have the question reviewed.

Appeal from Special Term, Kings County.

Action by Edward P. Mossein, as president of Local Union No. 471 of the United Brotherhood of Carpenters and Joiners of America, against the Empire State Surety Company.. From a judgment for plaintiff, and from an order denying defendant's motion to strike the case from the calendar, defendant appeals. Modified and affirmed.

See 98 N. Y. Supp. 144; 89 N. Y. Supp. 843.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

F. J. Moissen, for appellant.

William F. Hagarty, for respondent.

JENKS, J. The suit was begun against Manning, this plaintiff's predecessor; but, to avoid confusion, I shall speak of Manning as Mossein.

I think that this judgment is erroneous. The defendant was a surety. Johnson secured a judgment in a municipal court against Mossein as president, etc., by default. After a deal of practice between

the parties the Special Term made an order of correction, so that Mossein perfected his appeal from an order denying his motion to set aside that judgment. That order also required Johnson or her attorney in that case to make restitution of the sum of $296.17 by depositing it in a bank to the credit of Mossein's association within five days. This sum had been applied on the judgment in proceedings supplementary to execution. We affirmed that order with modifications. The provision for restitution, however, was not affected. Before that appeal Johnson gave an undertaking which reads as follows:

"Whereas, on the 3d day of April, 1902, in the Supreme Court, at a Special Term thereof, the above-named John J. Manning, as president, etc., defendant and respondent, obtained an order against the above-named Christina Johnson, plaintiff and appellant, directing the plaintiff herein and her attorney, George Gru, to make restitution of the sum of two hundred and ninety-six $17/100$ ($296.17) dollars to the defendant herein by depositing the said $296.17 with the Germania Savings Bank to the credit of said defendant association, and the appellant, feeling aggrieved thereby, intends to appeal therefrom to the Appellate Division of the Supreme Court, Second Department: Now, therefore, the Empire State Surety Company, having an office and place of business at No. 375 Fulton street, in the borough of Brooklyn, city of New York, does hereby, pursuant to the statute in such case made and provided, undertake that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding five hundred dollars, and does also undertake that if the judgment or order so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment or order, or the part thereof as to which said judgment or order shall be affirmed."

This action is based upon the fact that the restitution was never made. It is quite clear that the sole purpose of the order for restitution was to restore the deposit in the event that Mossein might ultimately relieve himself from the judgment obtained upon default, either by setting aside the service of the summons and complaint or by opening the default. The power to make the order requiring such restitution was challenged on this trial, but we have already affirmed it. I think that our affirmance was right.

In Granger v. Craig, 85 N. Y. 619, it is said:

"The Code, however, does not abridge the power that the Supreme Court has always had over its own judgments, to correct mistakes in them, to vacate them for irregularity, to stay proceedings on them for such time and on such terms as to the court seem proper."

See, too, Genet v. President, etc., 113 N. Y. 472, 474, 21 N. E. 390; section 217, Code Civ. Proc.

In Graham's Practice, p. 367, it is said:

"So also, where a writ of error is brought, and bail in error put in within four days after judgment, if the execution have been levied, the court will direct restitution of the amount collected, or of premises of which the party has been turned out of possession under it. Jackson v. Schanber, 7 Cow. (N. Y.) 417; People v. Judges of New York Common Pleas, 1 Wend. (N. Y.) 81; Mitchell v. Thorp, 5 Wend. (N. Y.) 288."

In Bank v. Elliott, 60 Kan. 172, 55 Pac. 880, it was contended that an order of restitution made in the action was unauthorized as not positively afforded by the Code. The court said (page 175 of 60 Kan., page 881 of 55 Pac.):

"There is no difficulty there. The motion and order were only steps in a pending action. The parties being before the court, and the matter of restoration being incidental to the action, there can be no question of the power or duty of the court to enforce restoration in that proceeding. Instead of multiplying cases, it is the policy of our Code that the rights of the parties be determined as far as practicable in a single litigation, and we think the court was warranted in enforcing restitution in a summary manner upon the motion of the defendant."

But the defendant's liability "is limited to the express terms of the contract, and his obligation should be construed strictly and favorably to the surety so far as is warranted by the terms employed." Ward v. Stahl, 81 N. Y., at 409. That contract is that restitution will be made by depositing the sum with the Germania Bank to the credit of the said defendant association, and this is all that should be required of the defendant with respect to that sum.

It may be entirely true that as to third parties it is immaterial whether a person receive money or whether it be redeposited to his credit, and that there is no complication in this case which makes one disposition or the other of consequence to the surety, so long as it is protected by a judgment. But Johnson, the principal of the defendant, as the plaintiff in the action which proceeded to judgment in her favor, is entitled to the strict construction of the undertaking, to the end that there should be a redeposit of the money. She docketed her judgment and issued execution thereon to the sheriff. Upon return of execution unsatisfied, proceedings supplementary were taken which revealed this deposit, and it was applied on the judgment. We modified the order which denied a motion made to set aside the judgment and subsequent proceedings taken pursuant thereon, by staying all proceedings in enforcement of the judgment so docketed until the hearing and disposition of proceedings which Mossein might be advised to take and promptly might take toward relief from said default. Johnson v. Manning, 75 App. Div. 285, 78 N. Y. Supp. 96. We did not set aside the proceedings, but held them in abeyance, and it may well be that Johnson had proceeded so far and so well as to sequester that sum, subject to her right of specific appropriation to her judgment in the event that she finally held that judgment.

The plaintiff read in evidence the transcript of the judgment which Johnson had recovered, and it appears by the uncontradicted evidence of the defendant that such judgment had never been reversed or set aside. It is obvious, then, that Johnson being only required to redeposit the money, and the surety having only undertaken that this should be done, Mossein should not have judgment upon that undertaking that the sum should be paid to him as president outright, if by any possibility such a variance might prejudice Johnson. Moreover, it appears that Johnson could not enforce her judgment by execution, but was put to proceedings supplementary, whereupon this deposit was revealed. If, then, instead of redeposit, there is direct payment, the judgment creditor has no assurance in fact that she may collect her judgment. I think, however, that the error in the judgment may be corrected here. Outwater v. Moore, 124 N. Y. 66, 26 N. E. 329; Baylies' New Trials and Appeals (2d Ed.) 414, and authorities cited. The interest is properly chargeable against the de-

fendant from the time its liability became determined. Poillon v. Volkenning, 11 Hun, 385. And inasmuch as the defendant defended the suit brought to compel the fulfillment of its undertaking, it is chargeable with the costs thereof. Kip v. Brigham, 7 Johns. (N. Y.) 167. The plaintiff was entitled to enforce his right to the restitution by action if he saw fit. Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589; Ency. of Pl. & Pr. vol. 18, 888 and note, 895 and notes; Doe v. Crocker, 2 Ind. 575.

As to the point made that the case was not properly moved for trial, in that no notice had been served by the plaintiff, and the case, therefore, was not properly upon the calendar, it appears that the Special Term, in allowing the amendment to the complaint, provided:

"Service of said amended complaint shall be without prejudice to the position of the case on the general Trial Term calendar of this court, and that the said case retain its said place upon said calendar."

This provision was within the power of the court. Myers v. Metropolitan El. R. Co., 12 N. Y. Supp. 2, citing cases. The court denied the application that the case be not tried on the ground that:

"Under the rules of the court all applications for postponement are made in part 1 and cases are sent from part 1 to the various trial parts for disposition. I deny this application to adjourn on the ground that all such applications must be made in part 1, and, the case being sent here, I must assume that the court in part 1 has passed upon this application and denied it."

I think that the learned court was correct. Rule 83, Calendar Rules of Trial Term, Kings County. In any event the appellant has not pursued the correct practice to raise the question. Martin v. Hicks, 6 Hun, 74.

The judgment must be modified as indicated, and, as modified, affirmed, without costs. All concur.

---

(118 App. Div. 92)

### POLLITS v. CONSOLIDATED GAS CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

GAS—REFUSAL TO SUPPLY GAS—COMPLIANCE BY CONSUMER WITH STATUTORY PROVISIONS.

Under Transportation Corporation Law, Laws 1890, pp. 1148, 1149, c. 566, §§ 66, 68, authorizing gas companies to require consumers to make a deposit as security for gas supplied and to shut off gas on their failure so to do, a consumer who has not made a deposit, though demanded, cannot maintain a suit to restrain a gas company from refusing to furnish gas to him because of his refusal to pay more than the rate prescribed by Laws 1906, p. 235, c. 125.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gas, § 7.]

Appeal from Special Term, New York County.