In some cases courts have allowed a plaintiff to prove the value of the contract to the grantor or the amount that it would cost to comply with the contract by the grantee and imposed a lien upon the property for that amount, but it seems to me clear that this is the extent to which the plaintiff in such an action can be given relief in a court of equity. No facts were alleged which would justify the court in holding this agreement to be a condition subsequent which would entitle the plaintiff to a recovery of the property upon a breach of the contract. The plaintiff conveyed the property relying upon the promises of the defendant to comply with her contract; and certainly all that the plaintiff is entitled to recover is the damages sustained by a breach of the contract and subjecting the property conveyed to a lien to secure the amount of such damages when ascertained. If the plaintiff is paid the damages caused by a breach of the contract, he would be in exactly the same position as if the contract had been complied with. As there is no allegation as to the amount due to the plaintiff upon the breach of the contract and no demand made to recover that amount, I do not think that relief can be granted in this action.

I think, therefore, that the demurrer should have been sustained.

---

### GOEPEL v. ROBINSON MACH. CO.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. APPEAL—REVERSAL—EFFECT OF DECISION—RESTITUTION.

Where an order vacating an attachment was reversed on appeal and a clause directing a return of the property to the sheriff was stricken from the order because the release of the property to defendant was not shown by the record, a subsequent motion in the lower court for restitution should not be denied on the ground that the relief had been refused by the Appellate Court.

2. SAME—ERRONEOUS JUDGMENT—RELEASE OF PROPERTY—RESTITUTION—JURISDICTION.

Under Code Civ. Proc. § 1323, providing that, when a final judgment is reversed, "the Appellate Court or the General Term of the same court" may order restitution, the Special Term is not deprived of the power to order restitution in such case; the statute merely conferring on the various appellate courts the same power enjoyed by the trial court to decree restitution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4621–4625, 4701–4709.]

Houghton, J., dissenting.

Appeal from Special Term.

Action by Charles F. Goepel against the Robinson Machine Company. From an order denying a motion for restitution to the sheriff of property attached, but returned to the defendant on vacating the attachment, or, in lieu thereof, to pay the value of the property, plaintiff appeals. Order reversed, and motion granted.

See 103 N. Y. Supp. 5.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Don R. Almy, for appellant.
Philip K. Walcott, for respondent.

INGRAHAM, J.  This motion was denied upon the ground that the relief here sought had been refused by this court, as a clause granting this portion of the motion was stricken from the order of the Appellate Division when the order vacating the warrant of attachment was reversed.  The learned court at Special Term was mistaken as to the reason why this clause was stricken from the proposed order of this court. . Upon that appeal it did not appear by the record that the property levied on under the warrant of attachment had been released from the levy and returned to the defendant, and, as that appeal had to be decided, upon the record it was quite improper to insert in the order a provision based upon a fact which did not appear upon the record, but which had to be shown by affidavit.  The proper proceeding was to make a motion for what was in effect a restitution of the right lost by the plaintiff in consequence of the erroneous provision of the order appealed from.  The defendant had no notice of such a motion, except so far as it was contained in the notice of settlement of the order which contained the provisions for restitution, and, as the defendant objected to the inclusion of that provision in the order, it was stricken out as not then properly before the court.  The motion should not therefore have been denied upon the only ground upon which the learned judge at Special Term based his decision.

The defendant, however, takes the further objection that the Special Term had no power to make the motion, but it should have been made at the Appellate Division, and bases this contention upon section 1323 of the Code of Civil Procedure, which provides that:

"When a final judgment or order is reversed or modified, upon appeal, the Appellate Court, or the General Term of the same court, as the case may be, may make or compel restitution of property, or of a right, lost by means of an erroneous judgment or order; but not so as to affect the title of a purchaser in good faith and for value."

In Mossein v. Empire State Surety Co., 117 App. Div. 820, 102 N. Y. Supp. 1013, it was held by the Second Department that this provision which authorized an Appellate Court to make restitution did not affect the inherent jurisdiction of the Special Term to order restitution, but was simply a grant of the like power which was inherent in the court at Special Term to the Appellate Court, which reversed the order or judgment appealed from.  As this prescribed a rule of practice, we think we should follow the Second Department, and affirm the right of the Special Term to entertain an application for restitution where a right has been lost to a party to an action or special proceeding by virtue of an order which subsequently upon appeal was reversed; but I fully agree with the Second Department.  This provision granting power to the Appellate Court is general, applying to the Court of Appeals as well as to the several branches of the Supreme Court authorized to hear appeals.  Without this provision, neither this court nor the Court of Appeals on an original application would have power to decree restitution.  The application would have to be made at the Special Term.  It seems to me that this authority which

is permissive merely was intended to confer upon appellate courts the same power that had always resided in and been exercised by the court of the first instance. It is to me clear that it could not have been the intention of the Legislature to take away the jurisdiction of the Supreme Court to enforce its own orders or to correct any mistake that has been made in consequence of an erroneous order or judgment where the erroneous order or judgment had been reversed by an appellate court. When the Appellate Court was not in session, no matter what necessity there was for judicial action, no relief could be granted until the Appellate Court reconvened and the motion could there be made.

I think the Special Term, therefore, had power to entertain the application, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur, except HOUGHTON, J., who dissents.

HOUGHTON, J. (dissenting). The plaintiff obtained an attachment which was set aside. On appeal to this court the order setting aside the attachment was reversed, and it was thus restored. After the vacating of the attachment the defendant removed the property levied upon out of the jurisdiction of the sheriff. I agree that this property should be restored, but I do not think the Special Term had any power to entertain a motion for its restoration. The motion should have been made in this court where the reversal was had. The original order setting aside the attachment was a final order so far as the rights under the attachment were concerned. Section 1323 of the Code of Civil Procedure provides:

"When a final judgment or order is reversed or modified upon appeal, the Appellate Court, or the General Term of the same court, as the case may be, may make or compel restitution of property, or of a right, lost by means of the erroneous judgment or order; but not so as to affect the title of a purchaser in good faith or for value."

In Hayes v. Nourse, 25 Abb. N. C. 95, 7 N. Y. Supp. 656, 11 N. Y. Supp. 825, power of a Special Term to make an order for restitution on reversal was discussed, and it was held that the Special Term had no power, but that the same was vested either in the General Term of the court of common pleas, through which the judgment had passed, or in the Court of Appeals where the judgment was reversed.

The proper interpretation of section 1323 of the Code was discussed in Carlson v. Winterson, 146 N. Y. 345, 40 N. E. 995, and in his opinion Haight, J., in the expressed hope that there might be no doubt in the future as to the court in which a motion for restitution should be made, took pains to state the proper practice to be pursued. He says:

"It follows that the motion may be made in the court that reverses the judgment, or it may be made at the General Term of the court to which the case has been remitted and is pending if that court has a general term. If not, the motion must be made in the court that reversed the judgment."

Of course, what is said respecting a judgment applies to the order mentioned in the same section, and the rule would seem to be very

plain. Mossein v. Empire State Surety Co., 117 App. Div. 820, 102 N. Y. Supp. 1013, is not to the contrary, nor an authority upon the question involved. In that case the question discussed was as to the power of the Special Term to direct restoration of money which it had previously ordered paid into court. Of course, the Special Term had power to do that. No question of the power of the Special Term to order restoration after reversal was involved, and nothing was said on that subject.

For these reasons, I think the Special Term was right in denying the restoration asked for, and that its order should be affirmed with leave to the plaintiff to move in this court.