### In re MURPHY.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. JUDGMENT (§ 290*)—FILING TRANSCRIPT OF INFERIOR COURT—COMPELLING ACTION BY COUNTY CLERK.

The county clerk in filing in his office a transcript of a judgment of an inferior court acts as a county officer, and not as clerk of the Supreme Court; so that the Supreme Court has no other jurisdiction over him than it has over other state and county officers, which is to require them by a proper state writ, and not by an order on a mere motion, to perform their duties.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 571; Dec. Dig. § 290.*]

2. JUDGMENT (§ 290*)—FILING TRANSCRIPT OF. INFERIOR COURT—NOTICE TO JUDGMENT DEBTOR.

Notice of application to compel the county clerk to file in his office the transcript of a judgment of an inferior court, rendered several years before, should be given such debtor, he being at least entitled to show before a lien is thus created against his property that the judgment had been paid or otherwise discharged.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 571; Dec. Dig. § 290.*]

3. JUDGMENT (§ 290*)—MUNICIPAL COURTS—FILING TRANSCRIPT OF JUDGMENTS —STATUTES.

Within Municipal Court Act (Laws 1902, c. 580) § 20, providing that the provisions of the Code of Civil Procedure shall apply to the Municipal Court so far as they can be made applicable, and are not in conflict with such act, Code Civ. Proc. § 3017, limiting to six years from rendition of judgment the time within which the transcript of a justice's judgment may be filed with the county clerk, with the effect of making it a judgment of County Court, is not in conflict with Municipal Court Act, § 261, providing that the county clerk on presentation of the transcript of a judgment of the Municipal Court shall file it, with the effect of making the judgment one of the Supreme Court; and so supplement it as to the

time within which the transcript of the Municipal Court judgment must be presented to the county clerk.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 571; Dec. Dig. § 290.*]

Scott and Dowling, JJ., dissenting.

Appeal from Special Term, New York County.

Petition by Peter Murphy for an order directing the clerk of the county of New York to file a transcript of a judgment recovered in the Municipal Court. From an order denying the motion, petitioner appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Louis Sturcke, of New York City, for appellant.

Terence Farley and Leon G. Godley, both of New York City, for respondent.

INGRAHAM, P. J. The petitioner noticed a motion at a Special Term of the Supreme Court for an order directing the county clerk to file in his office pursuant to section 261 of the Municipal Court Act a transcript of a judgment set out in a petition then presented to the court. The transcript of judgment was one issued on the 1st of November, 1902, and in favor of Peter Murphy against Axel Winters for $327, which judgment was filed on October 28, 1902. The court denied the motion without an opinion, and from the order entered thereon petitioner appealed.

[1] It is quite clear that as a motion the Special Term of the Supreme Court had no jurisdiction to award to the petitioner the relief he sought. The county clerk in filing a transcript from an inferior court acts as a county officer under the Constitution. He does not act as the clerk of the Supreme Court, and the Supreme Court has no other jurisdiction over him than it has over other state and county officers to require them by a proper state writ to perform their duties. The corporation counsel in his argument before us treats this as an application for a mandamus; but, as no mandamus was asked for in either the petition or the moving papers, I do not think we should reverse the Special Term in refusing to grant such a motion.

[2] Even if the contention of the petitioner was correct, and he was entitled to have the transcript filed, the judgment debtor was not informed of the application, and, if the application had been for a mandamus, I think the judgment debtor would be entitled to notice of the application as by filing of the transcript there was a judgment lien created which affected his property. This application was made almost ten years after the judgment had been rendered, and he was at least entitled to show before a lien against his property was created that the judgment had been paid or otherwise discharged.

[3] As the question of whether the petitioner was entitled to have this transcript filed more than six years after the date of the rendition of the judgment is presented to the courts for the first time, and as the corporation counsel seems to treat the case as if it were an appli-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cation for a mandamus, it is proper that we should express our opinion upon that question.

As before stated, this judgment was recovered on October 28, 1902. No transcript was filed, and it is alleged in the petition that no part of the judgment has been paid, and no execution has ever been issued upon it. On the 1st of February, 1912, more than nine years after the judgment was entered, this transcript was presented to the county clerk, and it was demanded that the county clerk file the transcript pursuant to section 261 of the Municipal Court Act. That section provides:

"The county clerk of the county in which the judgment was rendered, must, upon the presentation of the transcript and payment of the fees therefor, indorse thereupon the date of its receipt, file it in his office, and docket the judgment, as of the time of the receipt of the transcript, in a book kept by him for that purpose, as prescribed by law."

In this section no time is specified within which the county clerk is required to docket the judgment, but section 20 of the act provides that:

"The provisions of the Code of Civil Procedure ＊ ＊ ＊ as they may be from time to time, shall apply to the Municipal Court as far as the same can be made applicable, and are not in conflict with the provisions of this act."

Under this section, the provisions of the Code of Civil Procedure apply to Municipal Court judgments and transcripts issued thereon. Johnson v. Manning (No. 1) 75 App. Div. 285, 78 N. Y. Supp. 96; Raphael v. Mencke, 28 App. Div. 91, 50 N. Y. Supp. 920. It is conceded that the petitioner had lost the right to enforce this judgment of the Municipal Court at the time he applied to file this transcript. By section 260 of the Municipal Court Act it is provided that:

"An execution may be issued in a judgment of the Municipal Court at the option of the judgment creditor, either by the county clerk directed to the sheriff as prescribed by law, after the filing of a transcript of judgment, as provided in the next section, or by the clerk of the Municipal Court in the district in which the judgment was entered, within six years thereafter, directed to a marshal."

As more than six years had expired after the rendition of the judgment, no execution could be issued upon it by the clerk of the Municipal Court, and, as no transcript had been filed, no execution could be issued by the county clerk. No action could be brought on this judgment, as, under subdivision 7 of section 382 of the Code of Civil Procedure, no action can be brought upon a judgment of a court not of record after six years from the time the judgment was rendered. The judgment was therefore, as it stood, unenforceable. If the transcript had been promptly docketed, or if the judgment itself had been the judgment of the Supreme Court, its lien as upon the judgment debtor's property would have expired, and no execution could have been issued upon the judgment except with leave of the court. As before stated, section 261 of the Municipal Court Act makes no provision as to the time within which this transcript must be filed. There is no provision in the Code to which our

attention has been called which in express terms provides as to the time in which the judgment of a court not of record is presumed to have been paid, except in a case where a transcript has been filed in which it is presumed to have been paid twenty years after the rendition of the judgment (section 262 of the Municipal Court Act), and that assimilates the provision in relation to a judgment of the Supreme Court to a judgment of the Municipal Court which is provided for by section 376. The provision as to the time within which a transcript from a Justice's Court may be filed is regulated by section 3017 of the Code of Civil Procedure, and the time is limited to six years after the rendering of the judgment. But for the provision in section 261 of the Municipal Court Act it is apparent that this provision of section 3017 would control, and that, as the petitioner had allowed six years to elapse after the rendition of the judgment, he would not be entitled to file a transcript. The question is whether the provisions of section 3017 of the Code of Civil Procedure are inconsistent with section 261 of the Municipal Court Act, which makes no provision as to time, and only provides for a filing of the transcript.

I cannot see that both of these sections cannot be applied. Undoubtedly, if section 261 of the Municipal Court Act did contain any provision as to the time within which a transcript should be filed, section 3017 of the Code would not apply, but section 261 of the act merely authorizes the filing of a transcript. It does not extend the time indefinitely or regulate at all the time within which it is to be filed. It simply requires the clerk to accept it when tendered by the person recovering the judgment. But by making the provisions of the Code of Civil Procedure generally applicable to the act when not in conflict with its express provisions it seems to me the Legislature must have intended to make the limitation as to the time within which an act was to be done contained in the Code applicable to the judgments of other courts not of record as applicable to the proceedings to enforce judgments of the Municipal Court. To hold otherwise would present the curious situation that, if the petitioner had filed the transcript immediately after the judgment was rendered, the judgment would be presumed to be paid at the end of 20 years, but, if he held the transcript and did not file it until the expiration of 20 years, he could then file it and enforce it as a judgment of the Supreme Court, although, if it had been a judgment of the Supreme Court itself, it would have been presumed to have been paid. Undoubtedly there were many regulations as to practice that are not specially controlled by the Municipal Court Act as its practice was to be assimilated to the practice in the Supreme Court in all cases which were not specifically provided for, and it seems to me that it must have been the intention of the Legislature that regulations of this kind as to the time within which an act was to be done should be regulated by the Code of Civil Procedure when no express time was fixed by the Municipal Court Act in which such a proceeding had to be instituted or continued.

I think, therefore, that the petitioner lost his right to have this transcript filed and the judgment enforced as a judgment of the Supreme Court by failing to file the transcript with the county clerk within six

years after the judgment was rendered. It follows that the order appealed from should be affirmed, with $10 costs.

McLAUGHLIN and CLARKE, JJ., concur.

SCOTT, J. (dissenting). Although the appellant does not in form ask for a mandamus, we assume, as does the corporation counsel in his brief, that this is intended to be an application for that remedy which would be the only appropriate one, if the appellant is entitled to any order at all. The question involved is a very narrow one, which does not seem to have been passed upon heretofore.

On October 28, 1902, the petitioner obtained a judgment in the Municipal Court against one Axel Winters, and on November 1, 1902, a transcript of said judgment was issued by the clerk of said Municipal Court. More than nine years later, on February 1, 1912, that transcript was presented to the clerk of the county of New York, and a demand made that he file it in his office; the proper fee being tendered to him. He refused to file it, and the purpose of this proceeding is to compel him to do so.

The question at issue rests upon an apparent conflict between section 3017 of the Code of Civil Procedure and section 261 of the Municipal Court Act (chapter 580, Laws 1902). The former section, upon which the county clerk relies, reads as follows:

"Sec. 3017. A justice of the peace who renders a judgment except in an action to recover a chattel, must, upon the application of the party in whose favor the judgment was rendered, and the payment of the fee therefor, deliver to him a transcript of the judgment. The county clerk of the county in which the judgment was rendered must, upon the presentation of the transcript and payment of the fee therefor, if within six years after the rendering thereof indorse thereupon the date of its receipt, file it in his office, and docket the judgment as of the time of the receipt of the transcript in the book kept by him for that purpose, as prescribed in article third, title first, of chapter eleven of this act. Thenceforth the judgment is deemed a judgment of the county court of that county, and must be enforced accordingly; except that an execution can be issued thereupon only by the county clerk, as prescribed in section thirty hundred and forty-three of this act, and that the judgment is not a lien upon, and cannot be enforced against, real property, unless it is for twenty-five dollars or more, exclusive of costs."

Section 261 of the Municipal Court Act is practically identical with the above-quoted section, except that the words, "if within six years after the rendering thereof," and which in the Code Section limit the time for filing the transcript of the judgment of a justice of the peace, are omitted. These words were added to section 3017, Code Civ. Proc., by chapter 307, Laws of 1894, and, before they were so added, it was held that there was no limitation of time within which such a transcript might be filed. Rose v. Henry, 37 Hun, 397. If, therefore, section 261 of the Municipal Court Act, which does not contain the words of limitation, is to control, there is no limitation of time within the lifetime of the judgment within which a transcript of a judgment in the Municipal Court may be filed in the office of the county clerk. Section 20 of the Municipal Court Act provides as follows:

"Sec. 20. The provisions of the Code of Civil Procedure and rules and regulations of the Supreme Court as they may be from time to time, shall

apply to the Municipal Court as far as the same can be made applicable, and are not in conflict with the provisions of this act; in case of such conflict this act shall govern."

We cannot escape the conclusion that section 3017 of the Code of Civil Procedure and section 261 of the Municipal Court Act are in conflict. They certainly are upon this important question as to the time within which a transcript of judgment may be filed in the office of the county clerk. In all other respects the sections are practically identical, and both cover completely the same subject, so that neither is obliged to borrow from the other in order to gain complete efficacy. They are in conflict, however, in the point involved in this proceeding, and, being so in conflict, the Municipal Court Act must prevail. With the consequence of filing the transcript, or with the question whether or not the petitioner will derive any benefit therefrom, we are not concerned. It is sufficient that under the statute he is entitled to file it.

The order appealed from must be reversed, and petitioner's motion for a peremptory mandamus (for such we deem his application to be) granted with $10 costs and disbursements.

DOWLING, J., concurs.