COE v. CHAMPLAIN GRAPHITE CO. et al.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. CLERKS OF COURTS (§ 18*)—FEES.

    A county clerk, as clerk of the Supreme Court, is not entitled to a fee for entering an order requiring plaintiff to give security for costs, under Code Civ. Proc. § 3306a, providing that the county clerk shall be entitled to receive for making entries required of him by law, of moneys deposited with the county treasurer, the sum of 50 cents, to be paid by the party to the action.

    [Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 44, 47, 48; Dec. Dig. § 18.*]

2. CLERKS OF COURTS (§ 18*)—ENTRY OF ORDERS—PAYMENT OF FEES.

    A clerk of the Supreme Court properly refused to file and enter an order until it had been judicially determined whether he was entitled to a fee therefor, if he was in doubt as to his right to a fee.

    [Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 44, 47, 48; Dec. Dig. § 18.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CLERKS OF COURTS (§ 71*)—PERFORMANCE OF OFFICIAL DUTY—REMEDY.

> If defendant acted as a county clerk, and not as clerk of the Supreme Court, in entering an order requiring plaintiff to give security·for costs, he could only be compelled to enter such order ,by mandamus, and could not be summarily compelled to do so by an order of the Supreme Court.
>
> [Ed. Note.—For other cases, see Clerks of Courts, Dec. Dig. § 71.*]

Appeal from Special Term, New York County.

Action by Edward P. Coe against the Champlain Graphite Company and William F. Schneider, as County Clerk of the County of New York. From an order directing the clerk to file and·enter, without payment of a fee, an order requiring plaintiff to give security for costs, defendant Schneider appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Terence Farley, of New York City, for appellant.

John Larkin, of New York City, for respondent.

McLAUGHLIN, J. Upon motion of the defendant, the plaintiff· was directed, either to pay into court the sum of $250, to be applied to the payment of costs, if any, which might be awarded against him, or, at his election, give an undertaking in a like ·sum for. the same purpose. The clerk of the court, who is also county clerk of the county of New·York, refused to file or enter such order, unless he were paid a fee of 50 cents for so doing. Defendant then moved that he be directed to file such order without the payment of any fee. The motion was granted, and the clerk appeals.

[1] He contends that, inasmuch as he is county clerk of the county of New York, he is entitled, under the provisions of section 3306a of the Code of Civil Procedure, to a fee. This section provides that:

"The county clerk shall be entitled to receive for making the entries required by law of moneys deposited with the county treasurer the sum of fifty cents in each case to be paid by the party to the action or proceeding and taxed as a disbursement therein."

[2] Here, so far as appears, no money has in fact been paid into court, and if the undertaking be given none will be paid. Besides, in filing and entering this order, the appellant acted, not as county clerk, but as clerk of the Supreme Court. The order directing the payment into court or the giving of the undertaking is an order in the action, and it is the duty of the clerk of the court to file and enter the same without any fee. If a fee were paid, it would belong, not to the appellant, but to the city of New York; the county clerk receiving a salary in lieu of fees. The clerk being in doubt as to whether he were entitled to a fee, it was proper for him to refuse to file and enter the order until the matter had been judicially determined.

[3] It is also suggested by the appellant that the order should be reversed, because the clerk can only be compelled to act by mandamus, and not in a summary way by an order. This is true if the act which he is required to perform is that of a county clerk, and not as clerk of the Supreme Court. Matter of Murphy, 150 App. Div. 460, 135

N. Y. Supp. 23. The thing which he is here directed to do is the act of the clerk of the Supreme Court, and not that of the county clerk.

It follows that the order appealed from is affirmed, but, under the circumstances, without costs. All concur.