In the Matter of the Examination of MIKE KORPO-LINSKI, Judgment Debtor, in Proceedings Supplementary to Execution Upon the Application of JOSEPH GIANFRANCESCHI, Judgment Creditor, Under a Judgment Recovered in an Action Entitled CITY COURT, CITY OF NIAGARA FALLS, NEW YORK. JOSEPH GIANFRANCESCHI, Plaintiff, *v.* MIKE KORPOLINSKI, Defendant.

(County Court, Niagara County, February, 1914.)

Judgment — granted in City Court and transcript filed in County Court to be deemed a judgment thereof — acquiring jurisdiction by service of summons.

Contempt — motion to punish debtor for failure of defendant to appear in supplementary proceedings — motion to dismiss proceeding.

Where a judgment debtor whose true name was " Maryian Korpolinski " was named in the summons and complaint as " Mike Korpolinski," which he gave as his name to the judgment creditor and by which he was generally known in the community, the court acquired jurisdiction over him by the service of the summons and a judgment rendered against " Mike Korpolinski."

That said judgment having been granted in the City Court of Niagara Falls and a transcript thereof filed and said judgment docketed in the clerk's office of that county was to be deemed a judgment of the County Court and was not affected or impaired on account of the mistake in the name of the defendant.

Where defendant failed to appear and be examined in supplementary proceedings on an adjourned day, a motion to dismiss the proceeding will be denied, and a motion to punish the judgment debtor as for contempt because of his failure to appear for examination will be held to give him an opportunity to explain his alleged contempt.

MOTION to punish a judgment debtor for contempt.

Angelo F. Scalzo, for judgment creditor.

Carl E. Tucker, appearing specially for judgment debtor.

FISH, J.   This is a motion to punish the judgment debtor for contempt on account of his failure to appear and be examined before a referee in supplementary proceedings on an adjourned day.   On the return of the order to show cause herein, the judgment debtor appeared specially by his counsel, read his affidavit that his correct name was Maryian Korpolinski and moved to dismiss the proceedings because the judgment was against Mike Korpolinski. The judgment upon which these proceedings are based was rendered in the City Court of Niagara Falls on the 4th day of November, 1912, and a transcript thereof was filed and the judgment docketed in the Niagara county clerk's office November 27, 1912.   An execution thereon was thereafter duly issued, returned unsatisfied and these proceedings instituted.   The judgment debtor appeared on the return day of the order for his examination and was examined to some extent, whereupon the examination was, with his consent, duly adjourned but he failed to appear on the adjourned day.   The judgment creditor reads affidavits showing that the judgment debtor was known by the name of Mike Korpolinski, that he was registered at a hospital by that name, was generally known by that name and the party who served on the judgment debtor the order for his examination herein swears that when he served such order he asked the judgment debtor if his name was Mike Korpolinski, to which the judgment debtor replied, "Yes, what is the matter now?" And the judgment creditor swears that the judgment debtor gave him the name of Mike Korpolinski as his true name.

Section 723 of the Code of Civil Procedure provides as follows: "The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms

7

as it deems just, amend any process, pleading, or other proceeding    *    *    *    by correcting a mistake in the name of a party.''

This section applies to all courts including the City Court of Niagara Falls.   Code Civ. Pro., §§ 1, 3347, subd. 6; Judiciary Law, §§ 2, 3; Laws of 1904, chap. 300, art. 10.

Section 721 of the Code of Civil Procedure provides as follows: '' nor shall any judgment of a court of record be impaired or affected by reason of either of the following imperfections, omissions, defects, matters or things, in the process, pleadings, or other proceedings    *    *    *    9. For a mistake in the name of a party or other person.''

Section 722 of the Code provides that the omissions, etc., specified in section 721, not being against the right and justice of the matter, and not altering the issue between the parties, or the trial, shall be supplied and the proceedings amended by the court wherein the judgment was rendered or by an appellate court.

A transcript of this judgment having been filed and the judgment docketed in the Niagara county clerk's office, it is thenceforth deemed a judgment of this court and must be enforced accordingly.   Code Civ. Pro., § 3017.

While the judgment in question is now to be deemed a judgment of this court, it has been distinctly held that this court cannot set the same aside.   *Johnson* v. *Manning,* 75 App. Div. 285.   There is, however, ample provision, as above seen, for the amendment of the judgment and the proceedings upon which it is founded provided a proper cause for the amendment is shown, and the question arises as to what court, whether this, or the City Court of Niagara Falls, has the power and is vested with the authority

to grant the amendment; it is, however, unnecessary to determine whether this court can amend the judgment as these proceedings are founded on the judgment, and this court has unquestioned jurisdiction thereof and it is only necessary to determine whether the judgment as it stands is void or valid. Of course, if it is void these proceedings necessarily fall. Prior to the decision of the Court of Appeals (*Stuyvesant* v. *Weil,* 167 N. Y. 421), it had been held in a number of cases that a mistake in the name of a party defendant was jurisdictional and that neither the judgment nor the papers upon which it was founded could be amended unless the defendant appeared in the action; but in the *Stuyvesant* case Chief Judge Parker referred to these various decisions stating that they had their foundations laid long before sections 721 and 723 of the Code came into existence " as marking features of a distinct legislative policy to stop the sacrifice of things of real substance upon the altar of mere technicality." And the court held that where a party was named in the summons and complaint as " Emma J. Stockton " whose true name was " Mary J. Stockton," the mistake was not jurisdictional and the papers could be amended to state the true name of the defendant provided the court found that she was fairly apprised that she was the party the action was intended to affect, Judge Parker saying: " It may happen, as in this case, that the defendant's name is not correctly stated in the summons, and in such case it is the duty of the court, when properly moved, to determine whether, notwithstanding the error, the defendant was fairly apprised whether he was the party the action was intended to affect, and if the answer of the court be in the affirmative, its determination must be that the court acquired jurisdiction."

County Court, Niagara County, February, 1914.    [Vol. 84.

I am satisfied that in this case the defendant was fairly apprised that he was the party to be sued, in fact he does not make any claim to the contrary; he was generally known in the community under the name of Mike Korpolinski and gave that as his true name to the judgment creditor; the City Court, therefore, acquired jurisdiction of his person and the judgment is valid. The only difference between this case and the *Stuyvesant* case is that the judgment in the latter case was rendered in a court of record; but section 723 of the Code, on which the decision in the *Stuyvesant* case was based, applies to all courts, and furthermore this judgment is now deemed a judgment of the County Court and judgments of courts of record are not to be affected or impaired on account of a mistake in the name of a party. Code Civ. Pro., § 721. The judgment debtor has neither been misled nor injured by the failure to use his true first name. He has indeed invited the use of the name " Mike " as his first name. He must have known that he was the party intended to be sued and against whom the judgment was rendered because he appeared and submitted to examination in these proceedings. Justice does not lie between a scylla and charybdis of technicalities to be reached only by the most skillful navigators, and to permit any mistake or omission, not affecting the substantial rights of the judgment debtor, to destroy this judgment, would be in utter disregard of the beneficial purpose of the above quoted provisions of the Code and against the modern conception of court procedure.

Besides, the judgment debtor used two names, one of which was Mike, and he could be sued by either. *People ex rel. Aldhouse* v. *McCarthy,* 41 Misc. Rep. 430; *Simon* v. *Underwood,* 61 id. 390.

The motion to dismiss the proceedings is denied,

with —— dollars costs, and the motion to punish the judgment debtor for contempt is held to February 18, 1914, at ten A. M., at common council chambers in the city of Niagara Falls, to give the judgment debtor an opportunity to explain his failure to appear on the adjourned day.

Ordered accordingly.