### In re DEHNERT.

(District Court, E. D. New York. January 24, 1924.)

**Judgment** ⊗⊐244—**Held not invalid, because defendant was given fictitious first name in proceedings.**

    A judgment *held* good against bankrupt, and to qualify the judgment plaintiff as a petitioner, though bankrupt, was designated in the summons by a fictitious first name, his true first name being unknown, where he was the person intended and served, and appeared and answered, and where his middle name, by which he was generally known, was correctly given.

In Bankruptcy. In the matter of Philip Ed Dehnert, alleged bankrupt. On involuntary petition and answer. Order of adjudication.

Caldwell & Polhemus, of New York City, for petitioning creditors.
Rippey T. Sadler, of Brooklyn, N. Y., for alleged bankrupt.

GARVIN, District Judge. When the issues raised by the petition in bankruptcy and answer of alleged bankrupt herein came on for trial, before testimony was introduced, it was stipulated by counsel that the only issue to be determined by the court was the provability of the claim of the petitioners, Kruger et al., and that, if the court should rule that they had a provable claim at the time of the filing of the petition, all further opposition by the alleged bankrupt would be withdrawn. The whole case hinges upon the validity of a judgment recovered by said petitioners in the New York Supreme Court, New York county, on March 7, 1911. The summons therein named "Paul" Ed Dehnert as defendant; name "Paul" being fictitious, defendant's real name being unknown to plaintiffs. It is conceded that the defendant in that case was the alleged bankrupt in this proceeding; that process in the case was properly served upon him; that he appeared by an attorney, filed an answer, but did not defend the action further, because he was without funds; that he usually signed his name as "P. Ed Dehnert," and was generally known as "Ed Dehnert."

It is claimed on behalf of the alleged bankrupt that authority for suing a defendant under a fictitious name is found in section 215 of the Civil Practice Act, and not elsewhere. That section provides that a defendant whose name is unknown may be designated by a fictitious name, but a description must be added identifying the person, and providing further that, as soon as his real name is disclosed, it must be substituted.

It is also contended that the law recognizes but one Christian name, and does not consider the middle initial, citing Clute v. Emmerich, 26 Hun (N. Y.) 10, and Geller v. Hoyt, 7 How. Prac. (N. Y.) 265. In view of all the circumstances of this case, namely, that the defendant knew he was the party intended, was actually served with process, and was usually known as Ed Dehnert, it seems quite reasonable to hold that the addition of the word "Philip, name Philip fictitious," etc. (particularly since he usually signed his name with an initial only; i. e., P. Ed Dehnert), is harmless surplusage, and that a judgment recovered against him under the name indicated is valid, and may be the basis of bankruptcy proceedings.

Particularly pertinent is the following excerpt from the opinion in the case of Waterbury v. Mather, 16 Wend. (N. Y.) 611–613:

"If the parties are in truth before the court, whether plaintiff or defendant, plaintiffs or defendants, if all or any of them be misnamed, whether they be corporate or natural persons, the only way to make the objection good is by a plea in abatement. The persons being actually before the court, by their own consent or otherwise, no matter by what name they choose to call themselves, the name, as well as everything else, becomes rem judicatam. The court have possession of the persons and the things, and by whatever names the former may be called, it is enough if they can be intelligibly connected by evidence as parties in interest and participators in the litigation. They are then tied up and concluded, and in all future litigation, may be connected with the subject-matter by proper averments. In the immediate suit, and on the immediate trial, all the court and jury have to do is to see that in truth the real parties are before them. It may sometimes be a troublesome question of identity; still it is, in general, a mere formal dispute of no real consequence, and an abatement is allowed for no reason but to avoid circuity in settling up the suit as a future bar. So soon as the true parties are seen to be before the court, which may be shown on the part of the plaintiff or plaintiffs by the very act of bringing the suit in a wrong name or names, and on the side of the defendant or defendants by silence in omitting to interpose a plea in abatement, the case proceeds exactly as if the names were corrected on the record."

As the court correctly observes, the question of identity is in general a mere formal dispute of no real consequence. Indeed, the judgment under consideration does not involve even a dispute of identity. The correct defendant was sued, he was sued by his last name, a middle name was employed, by which he was commonly known, and he apparently never paid any attention to his first name, except to use the initial thereof. It seems to the court to be straining all rules of interpretation of the authorities to hold that the plaintiffs in the action referred to did not obtain a judgment against the defendant upon which a petition in bankruptcy may be based. No one has been misled or injured by the plaintiffs' failure to ascertain and to insert in the summons the true first name of defendant. As observed in the Matter of Korpolinski, 84 Misc. Rep. 96, 146 N. Y. Supp. 859.

"Justice does not lie between a Scylla and Charybdis of technicalities, to be reached only by the most skillful navigators, and to permit any mistake or omission, not affecting the substantial rights of the judgment debtor, to destroy this judgment, would be in utter disregard of the beneficial purpose of the above-quoted provisions of the Code and against the modern conception of court procedure."

The only issue submitted having been determined in favor of petitioning creditors, an adjudication must follow.