Smith *v.* Allegheny County (et al., Appellants).

Argued October 5, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and McBRIDE, JJ.

*Frank J. Zappala, Jr.,* with him *Zappala & Zappala,* for appellants.

*Edwin J. Martin,* with him *Robert W. McWhinney,* and *Goehring, McWhinney & Grubbs,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, November 24, 1959:

This action in trespass was instituted by the plaintiff to recover damages for the loss of her home property through its inundation and total destruction by a landslide allegedly caused by the negligence of the defendant contractor and the two defendant public bodies for which the contractor was engaged in doing highway construction work at the scene of the landslide. The jury returned a money verdict for the plaintiff against all three defendants jointly. Each of the defendants moved for judgment n.o.v. and for a new trial. The motions were denied by the court en banc and, after reargument at the defendants' instance, the order denying the after-verdict motions was confirmed and judgment was entered on the verdict for the plaintiff. Only the defendant contractor, Luigi Nicassio, and the Borough of West Homestead have appealed.

The sole question raised by the appellants is whether there was a material variance between the *allegata* and the *probata.* As set forth in the appellants' statement of question involved, the complaint alleges that the defendants were negligent in laying out, designing, widening, sewering, excavating and back filling and constructing a road without consideration of the type, texture and condition of the soil, rock

and strata of the land, without consideration of the geological contour and formation of the land surface and its underlying strata and otherwise contrary to safe and proper engineering practices, and without making proper provisions for the run off and drainage of surface, subsurface and percolating waters, whereas the plaintiff's proofs showed that, during the course of the construction, a four inch terra cotta pipe was broken, that a continuous flow of water was thereby emitted which formed a pool and seeped into the excavation made during the course of the construction, thereby causing the landslide which engulfed the plaintiff's property.

The court below held that the proof adduced by the plaintiff conformed to the allegation of the complaint. The causative negligence of the defendants was their failure to make proper provision for the run off and drainage of surface, subsurface and percolating waters. That being so, it is clear that the *allegata* and the *probata* did not vary. The opinion for the court en banc cogently concludes,—"There is no merit to defendants' objection, because it proposes to create a distinction where there is none. It is obvious a plaintiff cannot file a complaint which avers one cause of action, and be permitted, on the trial, to prove a different cause of action: Boyle v. Breakwater Co., 239 Pa. 577; Pierson v. London, 102 Pa. Superior Ct. 176. There is no such variance in this case. The existence of the pipe was merely an evidential fact in the orbit of plaintiff's claim that the defendants had failed to provide adequate drainage of waters for the protection of plaintiff's property. It was the existence and flow of waters, and not the existence of the pipe, which created a problem for which defendants did not provide a remedy, and which ultimately damaged the plaintiff. If plaintiff is to be deprived of the right under the pleadings to show the flow of water through this pipe,

then it would be just as logical to deny plaintiff the right to show the flowage of waters through certain strata of rock on the ground that she had not stated in the complaint that the water had run through shale, sandstone or limestone strata of rock. It is not necessary nor desirable that particularities of evidential fact be pleaded, so long as the essential facts to support a claim are. Defendants were amply informed of the cause of the damage to plaintiff's property when the pleadings set forth the inadequacy of drainage of waters in the area. The source and means of the flow was a matter of evidence, and not of essential facts to be pleaded in the complaint." That correctly disposed of the appellants' contention below and is equally conclusive here.

Judgment affirmed.