■ VERNON J. DIHRBERG, Individually and as Father and Natural Guardian of SUZANNE L. DIHRBERG, Appellant, v VILLAGE OF FRANKFORT et al., Respondents.—Order unanimously affirmed, without costs, on the opinion at Special Term. Stone, J. (Dismiss complaint.) Present—Marsh, P. J., Moule, Dillon, Denman and Witmer, JJ.

■ EARL E. SCHIRMER, SR., Individually and as Parent and Natural Guardian of EARL E. SCHIRMER, JR., an Infant, Respondent, v DOREEN A. YOST et al., Respondents, and ALLEN WEBSTER et al., Appellants.—Order unanimously reversed, without costs, motion granted and complaint and cross claims dismissed as to defendants Webster. Memorandum: The defendants Allen Webster and Janice Webster appeal from Special Term's denial of their motion to dismiss the complaint and the cross claims herein (CPLR 3211, subd [a], par 7) or alternatively for summary judgment. This is a personal injury action for damages suffered when Earl E. Schirmer, Jr., an infant, was struck by a motor vehicle owned by the defendant, Doreen A. Yost and operated by the defendant Ronald H. Beth along Greenleaf Road in the Town of Greece. Shortly before the accident the defendants Webster, who were married earlier that day, held their wedding reception at the premises of the defendant Lakeview Fire Department. During the reception alcoholic beverages were served to the guests, one of whom was the defendant, Ronald H. Beth. To the extent that plaintiff's complaint purports to allege a cause of action against the Websters under the Dram Shop Act, plaintiff's counsel, at the time of argument, withdrew any such claim. The only remaining possible theory of recovery against the defendants Webster is premised upon their alleged negligence in failing to supervise adequately and control the conduct of the guests in consuming alcoholic beverages at their reception. In the circumstances here such duty does not extend to the conduct of those who are no longer within the area where such supervision and control reasonably may be exercised (Paul v Hogan, 56 AD2d 723). Since it appears from the pleadings that at the time of the accident the defendant Ronald H. Beth was driving a motor vehicle on a public highway far removed from the place of the wedding reception, plaintiff's complaint does not state a cause of action against the defendants Webster. (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present—Marsh, P. J., Moule, Dillon, Denman and Witmer, JJ.

■ JOSEPH M. ADAMO, Respondent, v CHARLES P. AGNELLO, Appellant.—Order unanimously affirmed, without costs. Motion dismissed as moot. (Appeal from order of Monroe Supreme Court—vacate preclusion order). Present—Marsh, P. J., Moule, Dillon, Denman and Witmer, JJ.