470 A.2d 507

**Michael KLEIN, Appellant,**

**v.**

**Mark RAYSINGER, 600 Corp. t/a Neptune Inn, Michael Gilligan and Mr. and Mrs. William T. Gilligan, Appellees.**

**Myron KLEIN, Phillip Klein, and Myron Klein, Administrator of the Estate of Shirley M. Klein, Deceased, Appellants,**

**v.**

**Mark RAYSINGER, 600 Corp. t/a Neptune Inn, Michael Gilligan and Mr. and Mrs. William T. Gilligan, Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1983.

Decided Dec. 30, 1983.

John Paul Curran, Philadelphia, for Michael Klein.
William R. Solvibile, Philadelphia, for Myron Klein, et al.
Dean B. Stewart, Jr., Norristown, for the Gilligans.
Charles J. Weiss, Ambler, for Raysinger.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-
TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION OF THE COURT

McDERMOTT, Justice.

This appeal involves the consolidated cases of *Klein v. Raysinger, et al.,*[1] 44 Eastern District Appeal Docket 1982; and *Myron Klein, Phillip Klein, and Myron Klein, Administrator of the Estate of Klein v. Raysinger et al.,*[2] 94 Eastern District Appeal Docket 1982.

Appellant in No. 44, Michael Klein, filed a personal injury action against Mark Raysinger and others, as a result of an automobile accident. Appellants in No. 94, Myron and Phillip Klein, filed personal injury actions against Mark Raysinger and others (including Michael Klein, as the driver of the vehicle in which they were travelling); and Myron Klein as the Administrator of the Estate of Shirley M. Klein, filed a personal injury action, a wrongful death action, and a survivors action against Mark Raysinger and others (including Michael Klein, as the driver of the vehicle in which Shirley M. Klein was travelling). As part of these actions the Kleins instituted suit against Mr. and Mrs. William Gilligan and their son Michael Gilligan, who were charged with negligence in serving one or more alcoholic beverages to Raysinger at a time when the latter was visibly intoxicated.[3]

1. Superior Court's decision in this case is reported at 298 Pa.Super. 246, 444 A.2d 753 (1982).

2. The Superior Court's decision in this case is reported at 302 Pa.Super. 248, 448 A.2d 620 (1982).

3. The relevant allegations of the complaints read as follows:
 a. Negligently and carelessly serving alcoholic and intoxicating beverages to defendant, Raysinger, who was visibly intoxicated;
 b. Failing to recognize the danger of allowing the defendant, Raysinger, to drive a motor vehicle on the highway after serving him alcoholic and intoxicating beverages;
 c. Negligence at law.

144

In each case the Gilligans filed preliminary objections in the nature of a demurrer. In both instances the preliminary objections were sustained by the Court of Common Pleas of Montgomery County. On appeal the Superior Court affirmed.[4] Petitions for allowance of appeal were filed and granted, and the cases were consolidated for our review.[5]

■ Upon demurrer, a reviewing court must regard as true all well pleaded facts and reasonable inferences deducible therefrom. *Sinn v. Burd*, 486 Pa. 146, 149, 404 A.2d 672, 674 (1979). Given this standard we are confronted with the following facts: On or about May 8, 1978, Michael Klein and his family were driving on the Pennsylvania Turnpike when they were struck in the rear by a vehicle which was driven by Mark Raysinger. Prior to the collision Raysinger had been a patron of the Neptune Inn, where he had consumed an undisclosed amount of alcohol. Prior thereto, Mr. Raysinger had been served beer and other alcoholic beverages at the home of the Gilligans. It is alleged that Raysinger was visibly intoxicated at the time he was served by the Gilligans, and that it was known at the time that Raysinger would be driving. As a consequence, appellants' claim that the Gilligans are liable in negligence for the injuries they sustained in the accident.

Although the lower courts relied in part on *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973), this case is in reality one of first impression in this jurisdiction.[6] Appellants are requesting this Court to recognize a new cause of action in

4. See fn. 1 and fn. 2, *supra.*

5. A third case, *Congini et al. v. Portersville Valve Co.*, No. 53 Western District Appeal Dkt. 1983, was also consolidated with these cases. However, *Congini*, involves a distinct fact pattern, necessitating a separate opinion.

6. In *Manning* we held only that Section 493(1) of the Liquor Code, 47 P.S. 4–493(1), did not create a cause of action against non-licensed persons who furnish intoxicants for no renumeration. We did not decide the issue of whether a non-licensed host could be subject to a cause of action in negligence. *See* Concurring Opinion of Mr. Justice Pomeroy. *Id.*, 454 Pa. at 240, 310 A.2d at 76.

negligence, against a social host who serves alcohol to a visibly intoxicated person, whom the host knows, or should know, intends to drive a motor vehicle.

A number of other jurisdictions have considered this issue, and our research, aided by the able briefs of counsel for both appellants and appellees, reveal only two jurisdictions in which a cause of action in negligence has actually been recognized against a social host serving alcoholic beverages to a person past the legal drinking age: California and New Jersey.

In *Coulter v. Superior Court of San Mateo,* 21 Cal.3rd 144, 145 Cal.Rptr. 534, 577 P.2d 669 (1979) the California Supreme Court held that under modern negligence law "a social host who furnishes alcoholic beverages to an obviously intoxicated person, under circumstances which create a reasonably foreseeable risk of harm to others, may be held legally accountable to those third parties who are injured when that harm occurs." *Id.* at 147, 145 Cal.Rptr. at 535, 577 P.2d at 670. However, this cause of action was very short lived, as the California Legislature expressly abrogated this holding by enacting Section 1714 of the California Civil Code.[7] *See Cory v. Shierloh,* 29 Cal.3d 430, 174

**7.** Section 1714 of the California Civil Code provides:
Civil Code section 1714 (as amended by Stats. 1978, ch. 929, § 2, p. 2904) provides:
(a) Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself. The extent of liability in such cases is defined by the Title on Compensatory Relief.
(b) It is the intent of the Legislature to abrogate the holdings in cases such as *Vesely v. Sager,* (5 Cal.3d 153), [95 Cal.Rptr. 623, 486 P.2d 151], *Bernhard v. Harrah's Club,* (16 Cal.3d 313), [128 Cal.Rptr. 215, 546 P.2d 719], and *Coulter v. Superior Court,* ( [21] Cal.3d [144] ), [145 Cal.Rptr. 534, 577 P.2d 669] and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.

Cal.Rptr. 500, 629 P.2d 8 (1981) (upholding the validity of § 1714 against a constitutional challenge).[8]

In New Jersey, a trial court in ruling on a motion for summary judgment, ignored the California Legislature's actions and relied upon *Coulter, supra,* in holding that a social host was liable for furnishing alcoholic beverages to an obviously intoxicated person. *Figuly v. Knoll,* 185 N.J.Super., 477, 449 A.2d 564 (1982). However, the case was never appealed, and the issue has yet to be addressed by an appellate court in that jurisdiction. *Cf. Linn v. Rand,* 140 N.J.Super. 212, 356 A.2d 15 (App.Div.1976) (imposing social host liability for service of a minor).

A third jurisdiction, Oregon, has in the past, indicated a willingness to entertain a cause of action in negligence. *See Weiner v. Gamma Phi Chapter of Alpha Tau Omega Fraternity,* 258 Or. 632, 485 P.2d 18 (1981).[9] However, the

> (c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages.

**8.** Similar action was taken by the Minnesota Legislature, *see* Minn. Stat. § 340.95; *Cole v. City of Spring Lake Park,* Minn., 314 N.W.2d 836 (1982); as well as the Iowa Legislature. *See* Iowa Code § 123.92. *Cf. Williams v. Klemesrud,* Iowa, 197 N.W.2d 614 (1972) (finding non-licensee liability under prior Dram Shop Act).

**9.** In dicta the Court stated:
> Ordinarily, a host who makes available intoxicating liquors to an adult guest is not liable for injuries to third persons resulting from the guest's intoxication. There might be circumstances in which the host would have a duty to deny his guest further access to alcohol. This would be the case where the host "has reason to know that he is dealing with persons whose characteristics make it especially likely that they will do unreasonable things." Such persons could include those already severely intoxicated, or those whose behavior the host knows to be unusually affected by alcohol. Also included might be young people, if their ages were such that they could be expected, by virtue of their youth alone or in connection with other circumstances, to behave in a dangerous fashion under the influence of alcohol.

*Wiener,* supra. at 639, 485 P.2d at 21.

facts of that case involved the service of a minor, a fact which we find significant.[10]

In this regard, we note that there are no reported Oregon cases finding common law social host liability in the situation where an adult guest was the consumer of alcohol. Also, similar to the California Legislature, the Oregon legislative body took the issue out of the hands of the Courts, by legislatively defining the possible cause of actions.[11] *See* Note. *Chapter 801: Commercial and Social Host Liability for Dispensing Alcoholic Beverages,* 16 Williamette L.Rev. 191 (1980).

While it is true that some other jurisdictions have recognized a common law action against a social host, they have done so only in the limited situations where an adult host has served intoxicants to a minor; *Burke v. Superior Court,* 129 Cal.App.3d 570, 181 Cal.Rptr. 149 (1980); *Brattain v. Herron,* 159 Ind.App. 663, 309 N.E.2d 150 (1974); *Thaut v. Finley,* 50 Mich.App. 611, 213 N.W.2d 820 (1973); or the individual served was under a special disability,[12]

10. *See Congini et al. v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983).

11. 1979 Oregon Laws ch. 801 § 2 provides:

Section 1. No licensee or permittee is liable for damages incurred or caused by intoxicated patrons off the licensee's or permittee's business premises unless the licensee or permittee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated.

Section 2. No private host is liable for damages incurred or caused by an intoxicated social guest unless the private host has served or provided alcoholic beverages to a social guest when such guest was visibly intoxicated.

Section 3. Notwithstanding ORS 471.130 and sections 1 and 2 of this Act, no licensee, permittee or social host shall be liable to third persons injured by or through persons not having reached 21 years of age who obtained alcoholic beverages from the licensee, permittee or social host unless it is demonstrated that a reasonable person would have determined that identification should have been requested or that the identification exhibited was altered or did not accurately describe the person to whom the alcoholic liquor was sold or served.

12. Arguably, the New Jersey decision can be explained as falling within this latter exception, since the defendant there served his guest liquor despite the fact that he knew his guest was "an alcoholic or

*Cantor v. Anderson*, 126 Cal.App.3d 124, 178 Cal.Rptr. 540 (1982).

But for the above noted exceptions no other jurisdiction has been willing to extend liability to the social host who has served intoxicants to his adult guests. *See Chastain v. Litton Systems, Inc.*, 527 F.Supp. 527 (W.D.N.C.1981) vacated on other grounds, 694 F.2d 957 (4th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2454, 77 L.Ed.2d 1334 (1983); *Cartwright v. Hyatt Corp.*, 460 F.Supp. 80 (D.C.D.C.1978); *Fruit v. Schreiner*, Alaska, 502 P.2d 133 (1972); *Kowal v. Hofher*, 181 Conn. 355, 436 A.2d 1 (1980); *Miller v. Moran*, 96 Ill.App.3d 596, 52 Ill.Dec. 183, 421 N.E.2d 1046 (1981); *Behnke v. Pierson*, 21 Mich.App. 219, 175 N.W.2d 303 (1970); *Cole v. City of Spring Lake Park*, Minn., 314 N.W.2d 836 (1982); *Runge v. Watts*, 180 Mont. 91, 589 P.2d 145 (1979); *Hamm v. Carson City Nugget, Inc.*, 85 Nev. 99, 450 P.2d 358 (1969); *Schirmer v. Yost*, 60 A.D.2d 789, 400 N.Y.S.2d 655 (1977); *Edgar v. Kajet*, 84 Misc. 100, 375 N.Y.S.2d 548 (1975) *aff'd* 55 A.D.2d 597, 389 N.Y.S.2d 631 (1976); *Tarwater v. Atlantic Co.*, 176 Tenn. 510, 144 S.W.2d 746 (1940); *Halvorson v. Birchfield Boiler, Inc.*, 76 Wash.2d 759, 458 P.2d 897 (1969).

 Thus, the great weight of authority supports the view that in the case of an ordinary able bodied man it is the consumption of the alcohol, rather than the furnishing of the alcohol, which is the proximate cause of any subsequent occurrence. This is in accord with the recognized rule at common law. *See* Anno.: *Damage from Sale or Gift of Liquor or Drug.* 97 A.L.R.3d 528 § 2 at 533 (1980); 45 Am.Jur.2d. Intoxicating Liquor § 553. We agree with this common law view, and consequently hold that there can be no liability on the part of a social host who serves alcoholic beverages to his or her adult guests.

Therefore, we affirm the order of the Superior Court and remand this case to the Court of Common Pleas of Mont-

close to it." *Figully v. Knoll, supra,* 185 N.J.Super. at 479, 449 A.2d at 564.

gomery County for proceedings not inconsistent with this opinion.

ROBERTS, C.J., files a dissenting opinion.

LARSEN, J., files a dissenting opinion.

ROBERTS, Chief Justice, dissenting.

Section 493(1) of the Liquor Code makes it "unlawful ... for any licensee or the board, or any employe, servant or agent of such licensee, or the board, or *any other person,* to sell, furnish or give any liquor ... or to permit any liquor ... to be sold, furnished or given, to any person visibly intoxicated...." 47 P.S. § 4–493(1) (emphasis added). The use of the language "any other person" clearly manifests a legislative intent to impose an obligation upon all persons to refrain from furnishing alcoholic beverages to visibly intoxicated persons in circumstances which create a reasonably foreseeable risk of harm to third parties. In light of this legislatively imposed standard of conduct, the complaint in trespass, which seeks recovery for injuries allegedly caused by the serving of liquor by a social host to a visibly intoxicated guest, should be reinstated. See *Manning v. Andy,* 454 Pa. 237, 310 A.2d 75 (1973) (Manderino, J., dissenting, joined by Roberts, J.).

Accordingly, I dissent, would reverse the order of the Superior Court, and would allow the case to proceed to trial.

LARSEN, Justice, dissenting.

I dissent and in support thereof quote in full the late Mr. Justice Manderino's dissent (joined by Mr. Justice (now Mr. Chief Justice) Roberts in *Manning v. Andy,* 454 Pa. 237, 242–50, 310 A.2d 75, 77–81 (1973):

"DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I must dissent. The majority establishes a new immunity in tort law previously unheard of in the decisions of this Court. Ironically, the pronouncement of this new immunity takes place at a time when most courts, including this one,

have been most diligent in striking down old immunities which deprived citizens of their day in court.

Liquor dispensers who act negligently and cause harm should not be given any special privilege of immunity from liability. We do not give such immunity to automobile drivers. We do not give such immunity to drug dispensers. We do not give such immunity to homeowners. Once there was a special immunity for charities—but no longer. Once there was a special immunity for municipalities—but no longer. Once there was a special immunity for parents—but no longer. The creation of a new class and the establishment of a new immunity makes history—bad history. The combination of an intoxicated person and an automobile causes death and serious harm to many each day. Such victims are entitled to their day in court. That day in court is guaranteed by the declaration of rights in the Pennsylvania Constitution which states that '... every man for any injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.' Pa. Const. art. I, § 11.

This case is at an early stage. The appellant has alleged that he was harmed by the negligent conduct of the appellees. He is entitled to an opportunity to prove his allegations according to ancient principles of tort law. We have no right to deprive him of that opportunity.

The trial court erred in reasoning that a trespass action in negligence must state a cause of action *under a statute.* The courts may—or may not—look to a statute for a controlling or guiding standard of due care to be applied in a negligence action. *See* Restatement (Second) of Torts § 286 (1965). Indeed, in Pennsylvania, the overwhelming number of trespass actions in negligence are unrelated to any statute.

Simply stated, negligent conduct is the want of due care which a reasonable man would exercise under the circumstances. *Gift v. Palmer,* 392 Pa. 628, 141 A.2d 408 (1958). *See* Restatement (Second) of Torts §§ 282–83 (1965). If

such negligent conduct is the legal cause of harm, a cause of action is stated. *See* Restatement (Second) of Torts § 430 (1965). *See also Whitner v. Lojeski,* 437 Pa. 448, 263 A.2d 889 (1970); Restatement (Second) of Torts §§ 431–32 (1965). A demurrer can only be sustained if it is certain that no recovery is permitted. Any doubt must be resolved against sustaining the demurrer. *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A.2d 623 (1970). The factual allegations in the complaint must be examined to determine whether reasonable men might infer a lack of due care by the appellees which legally caused harm to the appellant.

It is alleged that the appellees furnished or supplied intoxicating liquors or beverages to Walters and continued to furnish such intoxicating liquors or beverages to Walters when he was in a state of visible intoxication. Might not reasonable men infer that there was a want of due care which the appellees should have exercised under the circumstances? Can we declare as a matter of law that it is reasonable conduct (due care) to serve intoxicating liquors to a person who is in a state of visible intoxication? I think the question answers itself. In acting, a person is assumed to know what the reasonable man in the society knows. Restatement (Second) of Torts, Explanatory Notes § 283, comment *b* at 15 (1965). The common knowledge of the reasonable man certainly includes information concerning the effects of alcoholic beverages and the consequences of intoxication on human behavior. From the alleged facts, reasonable men could infer negligent conduct by the appellees.

Even though the complaint is sufficient in that reasonable men might conclude that the appellees engaged in negligent conduct, there is a further inquiry which must be made. Would the facts in the complaint permit reasonable men to infer that the appellees' negligent conduct was the legal cause of harm to the plaintiff. Since the facts alleged obviously permit an inference of causation, the only possible question as to *legal cause* is whether the intervening act of someone, other than the appellee, can be declared, as a

matter of law, to be a superseding cause, relieving the appellee of liability.

It cannot be said that the intervening act of Walters, the alleged intoxicated employee, was, as a matter of law, a superseding cause of appellant's injuries, relieving the appellees of liability even if the appellees' conduct involved a want of due care which caused harm to the appellant. The intervening negligent act of a third person (Walters) is not a superseding cause of harm to another (the appellant) which the actors' (appellees) negligent conduct is a substantial factor in bringing about, if (a) the (appellees) should have realized that (Walters) might so act or (b) (Walters') act was not highly extraordinary, or (c) the act of (Walters) is a normal consequence of a situation created by the actors' (appellees) conduct and the manner in which it is done is not extraordinarily negligent. Restatement (Second) of Torts § 447 (1965), see *Whitner v. Lojeski,* 437 Pa. 448, 263 A.2d 889 (1970). *See also* Restatement (Second) of Torts §§ 440, 443 (1965).

It cannot be said as a matter of law that the intervening negligent act of an intoxicated person (a) should not have been anticipated, or (b) was so highly extraordinary, or (c) was not a normal consequence of the intoxication allegedly caused by the appellees' conduct. Thus, the complaint cannot be dismissed on the legal cause issue. *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A.2d 623 (1970).

During the trial, of course, the parties will have an opportunity to present a complete detailed picture of all of the circumstances under which the parties allegedly acted. Such details are not required at the complaint stage. The appellant is not required to plead his proof. *Smith v. Allegheny County,* 397 Pa. 404, 155 A.2d 615 (1959), 3 Standard Pennsylvania Practice 143 (1952).

The Liquor Code aside in this case, I cannot say, as a matter of law, that the complaint fails to state a cause of action. In *Jardine v. Upper Darby Lodge No. 1973, Inc.,* 413 Pa. 626, 631, 198 A.2d 550, 553 (1964), this Court said: 'The first prime requisite to de-intoxicate one who has,

because of alcohol, lost control over his reflexes, judgment and sense of responsibility to others, is to stop pouring alcohol into him. This is a duty which *everyone* owes to society and to law entirely apart from any statute.' (Emphasis supplied.) Since the complaint in this case alleges facts from which reasonable men might conclude that the appellees' negligent conduct was the legal cause of harm to the appellant, a cause of action is stated.

We look to section 493(1) of the Liquor Code, to consider (1) whether the Code establishes a standard of conduct for persons such as the appellees, and (2) if it does, whether that standard should control on the question of due care in this case.

Section 493(1) of the Liquor Code, *does provide* a standard of conduct for persons such as the appellees in this case. By its very terms, the statute covers unlawful conduct, not only for licensees (including their employees, servants and agents) but also for *any other person.* The meaning of *any other person* was accurately explained in *Commonwealth v. Randall,* 183 Pa. Superior Ct. 603, 615–16, 133 A.2d 276, 281–82 (1957), *cert. denied,* 355 U.S. 954, 2 L.Ed.2d 530, 78 S.Ct. 539 (1958):

'Secs. 491, 492 and 493, 47 P.S. §§ 4–491, 4–492, 4–493, set forth in separate paragraphs the "Unlawful acts relative to liquor alcohol and liquor licensees" the "Unlawful acts relative to malt or brewed beverages and licensees," and the "Unlawful acts relative to liquor, malt and brewed beverages and licensees." We deem it noteworthy that the legislature carefully differentiated between "persons," "licensees," "manufacturers," etc., in its enumeration of prohibited acts. In some instances all "persons" are prohibited from doing certain things; in other instances the prohibition applies only to licensees of various types or their "servants, agents or employes" etc. This is a clear indication that the legislature intended that some of the prohibitions were to apply to all persons while others were to apply only to "licensees", or "their servants, agents or employes".

'It is particularly significant that sec. 403 sets forth 25 prohibited acts relative to liquor, malt and brewed beverages, and that the words "or any other person" are included only in the subparagraph which makes it unlawful to sell, furnish or give any liquor or malt or brewed beverages to minors. It is significant also that minors are not the only class of persons to whom liquor or malt or brewed beverages may not be sold, furnished or given. Visibly intoxicated persons, insane persons, habitual drunkards, and persons of known intemperate habits are similarly protected.

'We think that the legislature in using the words "or any other person" deliberately selected these words in order to prohibit minors, visibly intoxicated persons, insane persons, habitual drunkards, and persons of known intemperate habits, from obtaining liquor, malt or brewed beverages, whether by purchase or gift, from licensees or any other persons.... If we were to restrict this section of the Act to "licensees" or their "servants, agents or employes," we would nullify the very purpose of the Act.'

The reasoning of *Randall,* as to the meaning of *any other person* is indisputable. The Liquor Code defines *person* as '... a natural person, association or corporation....' Act of April 12, 1951, P.L. 90, art. I, § 102, *as amended,* 47 P.S. 1–102. Only by a gross distortion of the meaning of language can we interpret *any other person* to mean *some* but not *all* persons. *'When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'* 1 P.S. § 1921(b) (1973) (emphasis supplied). *See Ross. v. Ross,* 200 N.W.2d 149 (Minn.1972), in which, pursuant to a similar, but not identical Minnesota statute, civil liability was imposed upon persons who were not in the liquor business. The statute in *Ross* referred to any person.

Section 493(1) of the Liquor Code establishes a standard of conduct for *all persons*—which includes the appellees.

The question remains whether that standard should be adopted as the standard of due care in this case.

'The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part (a) to protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results.' Restatement (Second) of Torts § 286 (1965).

A statute providing for criminal liability but not civil liability leaves a court free to accept or not accept the legislatively established standard of conduct for purposes of a tort action. '[T]he decision to adopt the standard is purely a judicial one, for the court to make. When the court does adopt the legislative standard, it is acting *to further the general purpose which it finds in the legislation....*' Restatement (Second) of Torts, Explanatory Notes § 286, comment *d* at 26 (1965). The purpose of the Liquor Code is stated as follows: 'This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the *public welfare, health, peace and morals of the people of the Commonwealth* and to prohibit forever the open saloon, and *all of the provisions of this act shall be liberally construed for the accomplishment of this purpose.*' Act of April 12, 1951, P.L. 90, art. I, § 104(a), 47 P.S. 1–104(a) (emphasis supplied).

The purposes of the Liquor Code are broadly stated for the protection of the public and in *Jardine v. Upper Darby Lodge No. 1973, Inc.*, 413 Pa. 626, 198 A.2d 550 (1964), this Court specifically held that one of the purposes of section 493(1) of the Liquor Code was to protect the interest of a third party injured as the result of the conduct of an intoxicated person. *See also Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A.2d 873 (1965). In light of the general purpose of the statutory enactment; the legislative standard of conduct is the standard of conduct required of a reasonable man in a negligence action. Violation of this

statute is negligent conduct in itself. *See Smith v. Clark,* 411 Pa. 142, 190 A.2d 441 (1963); Restatement (Second) of Torts § 288B (1965).

Section 493(1) of the Liquor Code does not create the cause of action in this case. The ordinary principles of negligence do that. By section 493(1) of the Liquor Code the legislature has established a standard of reasonable conduct from which no one can deviate without criminal liability. That same standard should apply in negligence.

The trial court expressed concern that there would be a flood of litigation in the courts if it were held that any person (as distinguished from licensees, their employees, servants or agents) could be held responsible for negligent conduct that caused harm to another as the result of furnishing liquor to a visibly intoxicated person. We recently answered that argument in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 595–96, 305 A.2d 877, 882 (1973), by restating what this Court said on other occasions when faced with the flood of litigation argument.

' "We obviously do not accept the 'too much work to do' rationale. We place the responsibility exactly where it should be: not in denying relief to those who have been injured, *but on* the judicial machinery of the Commonwealth to fulfill its obligation to make itself available to litigants. Who is to say which class of aggrieved plaintiffs should be denied access to our courts because of speculation that the workload will be a burden? Certainly this Court is unwilling to allow such considerations to influence a determination whether a class of litigants will be denied or permitted to seek adjudication of its claims." (Emphasis in original.)'

The facts alleged in appellant's complaint are sufficient to state a cause of action. The trial court, therefore, erred in dismissing the complaint after sustaining the preliminary objections. The order of the trial court should be reversed and the matter remanded for further proceedings."