## Burkhart v. Brockway Glass Co.

*Frank D. Magone*, for plaintiffs.
*W. Patric Boyer*, for defendants.

TERPUTAC, *J.*, April 27, 1984—Defendants, Brockway Glass Company and Liberty Mutual Insurance Company, in their motion for summary judgment deny any liability to plaintiffs as a matter of law.

Essentially the facts are undisputed. On October 23, 1980, Roger A. Mahaffey died as the result of an automobile accident which occurred in South Strabane Township, Washington County, Pa. He was survived by his wife and three children. In their complaint in trespass and assumpsit, plaintiffs claim damages in wrongful death and survival actions under Count I and for benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act under Count II. Although the instant motion seems to encompass both counts, counsel have agreed that the motion applies only to Count I.

On October 22, 1980, a few hours prior to the accident, two executives of Brockway Glass Company (hereinafter Brockway) visited Plant No. 7 in Washington, Pa. Decedent, Roger A. Mahaffey, was plant manager of Plant No. 7. After a business meeting that afternoon, attended by four executives including decedent, one of the executives suggested that they should meet for dinner at a local restaurant. The men drank some alcoholic beverages and enjoyed dinner that evening. The bill was charged to Brockway. Later in the evening one of the executives went home. The other three, Mahaffey included, went to the Ramada Inn for more drinks. It is undisputed that Mahaffey was visibly intoxicated at the Inn. Although one of the executives purchased the drinks, he expected reimbursement from Brockway. Somewhat after 2:00 a.m. on October 23,

the vehicle which Manhaffey was operating left the highway and struck a tree. Although the automobile was owned by Brockway, it was used by decedent and kept in his possession.

In the complaint plaintiffs allege that: (1) Brockway negligently furnished alcoholic beverages to the decedent while he was visibly intoxicated; (2) Brockway authorized the consumption of alcoholic beverages to decedent in sufficient quantities to cause him to become intoxicated; and (3) the company failed to warn decedent against driving and failed to prevent him from operating the vehicle.

Summary judgment may be granted only in the clearest of cases, where the right of the moving party is clear and free from doubt. The moving party has the burden of proving the non-existence of any genuine issue of fact. All doubts regarding the existence of a genuine issue of material fact must be resolved against the moving party. Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466 (1979). Since the essential facts are not disputed on this motion, the question for the court is whether Brockway owed any duty to its intoxicated employee.

In Manning v. Andy, 454 Pa. 237, 310 A.2d 75 (1973), our Supreme Court held that the Liquor Code did not create a cause of action against a non-licensed person who furnished intoxicants without remuneration. In distinguishing Manning v. Andy, the court in Klein v. Raysinger, 504 Pa. 141, 470 A.2d 507 (1983), defined the issue narrowly as a case of first impression in this Commonwealth: Is there a cause of action in negligence against a social host who has served alcoholic beverages to a visibly intoxicated person under circumstances in which the person furnishing the liquor knows or should know that the inebriated person intends to operate a

motor vehicle? In reviewing the authorities, the court said:

"Thus the great weight of authority supports the view that in the case of an ordinary able bodied man it is the consumption of the alcohol, rather than the furnishing of the alcohol, which is the proximate cause of any subsequent occurrence. This is in accord with the recognized rule at common law. See Anno.: Damage from Sale or Gift of Liquor or Drug. 97 A.L.R. 3d 528 §2 at 533 (1980); 45 Am. Jr. 2d Intoxicating Liquor §553. we agree with this common law view, and consequently hold that there can be no liability on the part of a social host who serves alcoholic beverages to his or her adult guests. 504 Pa. at 167, 470 A.2d at 510, 511.

Decided on the same day as the Klein case, Congini v. Portersville Valve Company, 504 Pa. 157, 470 A.2d 515 (1983), held that a cause of action could be maintained not only by a third person but also by minor plaintiff to whom alcoholic beverages have been served by a social host. The instant case is similar to Congini except that in that case the intoxicated person was a minor. What is the rationale for the Congini decision? There minor plaintiff, an employee of defendant company, had attended an office Christmas party. After consuming alcoholic beverages, the minor left for home in his own vehicle. The keys for the vehicle had been left in the possession of agents of the company. Even though the agents knew minor plaintiff was visibly intoxicated, they relinquished control of the keys to him and allowed him to operate the vehicle. Referring to statutes designed to protect minors in the consumption of alcohol, the Supreme Court said:

"This legislative judgment compels a different result than Klein, for here we are not dealing with ordinary able bodied men. Rather, we are confronted

with persons who are, at least in the eyes of the law, incompetent to handle the affects of alcohol." 504 Pa. at 161, 470 A.2d at 517.

No one has claimed that the company in the instant case was a licensee within the Liquor Code or that it was not a social host. It seems to us that the critical distinction in Congini is that the plaintiff to whom liquor was served was a minor. The Supreme Court promulgated a public policy foundation to impose liability upon those who furnish intoxicants to minors because under-age women and men are unable to handle liquor or to exercise sound judgment in consuming alcohol.

In citing the annotation at 19 A.L.R. 3d 1175, the Restatement (Second) of Torts §390,[1] and the "entrustment principle" in Congini,[2] counsel for plaintiffs has urged the court to fashion another exception or to read into Congini a principle based on control and entrustment. We believe that the Restatement citation does not support the argument of plaintiff; if it encompasses that principle, the Supreme Court has effectively denied liability in the Klein case. Here plaintiffs have contended that since the vehicle was owned by Brockway, the company was able to control the use of the vehicle and should have done so. The argument of plaintiffs to the contrary notwithstanding, Congini is not predi-

---

1. The Restatement (Second) of Torts §390 states:

"Chattel or Use by Person Known to be Incompetent, One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

2. 504 Pa. at 164, 470 A.2d at 519.

cated on negligent entrustment. The broad sweep of Klein emphatically denies liability in accordance with the majority view in the United States. Brockway was under no legal duty to prevent its employee from operating the vehicle. If control over the operation of the vehicle is the deciding factor, a change in the law will have to be made by the appellate courts of this Commonwealth.

The imprescriptable holding in favor of social hosts is solidly grounded upon the common law. With the exception of the rights of minor plaintiffs, the Supreme Court of Pennsylvania has refused to extend the fundament of common law liability to adult social hosts who serve inebriating beverages to adult guests. Consequently, we are constrained to grant the motion for summary judgment.

## ORDER

And now, this April 27, 1984, the motion for partial summary judgment is granted and Count I of the complaint is hereby dismissed.

Summary judgment on Count I is hereby entered in favor of defendants and against plaintiffs.