**DeLong v. Fenton**

*Mark A. Primrose,* for plaintiffs.
*Marshall E. Anders,* for defendants.

VICAN, *J.,* June 16, 2010—On February 18, 2010, plaintiffs filed a complaint against defendants seeking damages for a dispute arising from a construction contract. The provisions of the contract required defendants to perform certain renovations on plaintiffs' home. Plaintiffs allege that shortly after they paid defendants for the completed work, they became aware of deficiencies in either the materials used and/or the installation of the

materials. On August 17, 2009, plaintiffs contracted with another construction outfit to repair and/or replace the deficiencies allegedly caused by defendants. Plaintiffs paid the second construction outfit $35,627.86 for the repairs and currently seek the same amount in damages from defendants.

On March 12, 2010, defendant Joan L. Fenton filed preliminary objections to plaintiffs' complaint. Ms. Fenton's objections sought dismissal of the complaint as it relates to her on the basis that she was not a party to contract from which the action arises, thus plaintiffs have failed to set forth a cause of action upon which relief can be granted. Plaintiffs filed an amended complaint on March 26, 2010, in which they allege Ms. Fenton is involved in the operation of the construction business with her husband, defendant Robert H. Fenton, and, therefore, is properly named in the complaint.

On April 22, 2010, defendants filed an answer and new matter to amended complaint. On same, defendants filed preliminary objections to the amended complaint in the nature of a demurrer to the count against Ms. Fenton on the basis that Ms. Fenton was not a party to the contract, and, therefore, plaintiffs fail to allege a cause of action against her. Plaintiffs filed an answer to the preliminary objections on June 3, 2010, asserting that Ms. Fenton was a party to the contract because she "brought plaintiff[s] and defendant[s] together" and "sold" the plaintiffs on using Mr. Fenton for the construction project. Both parties have submitted briefs regarding their respective positions and we are now ready to dispose of this matter.

## DISCUSSION

Ms. Fenton's preliminary objections are brought pursuant to Pa.R.C.P. 1028, which provides in pertinent part:

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
. . .

"(4) legal insufficiency of a pleading (demurrer)."

A demurrer is a preliminary objection asserting that "the pleadings fail to set forth a cause of action upon which relief can be granted under any theory of law." *Sutton v. Miller,* 405 Pa. Super. 213, 221, 592 A.2d 83, 87 (1991). "Upon demurrer, a reviewing court must regard as true all well-pleaded facts and reasonable inferences deducible therefrom." *Klein v. Raysinger,* 504 Pa. 141, 144, 470 A.2d 507, 508 (1983). "[T]he court need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion." *Penn Title Insurance Company v. Deshler,* 661 A.2d 481, 483 (Pa. Commw. 1995). "Since sustaining the demurrer results in a denial of the pleader's claim or dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Willet v. Pennsylvania Medical Catastrophe Loss Fund,* 549 Pa. 613, 619, 702 A.2d 850, 853 (1997).

We begin our analysis with a recitation of the pertinent facts as set forth in the various pleadings. While talking with plaintiffs about work they wanted to have done on their home, Ms. Fenton informed them that Mr. Fenton

could perform the desired improvements. Accordingly, on October 15, 2008, defendants submitted a work proposal to plaintiffs. The proposal was submitted under the name "Fenton and Robert."[1] Plaintiffs accepted the proposal and Mr. Fenton performed the work detailed in the contract. Plaintiffs allege that shortly after they paid for the completed improvements, they became aware of deficiencies in either the materials used and/or the installation of the materials.

On March 26, 2010, plaintiffs filed a two-count amended complaint against defendants. The complaint set forth the aspects of the construction that were unsatisfactory to plaintiffs as follows:

"[F]ailing to install water resistive barrier behind siding as required by International Residential Code R703.2 and per Alcoa installation guide. All windows were not properly flashed to shed water and sealed to be airtight per installation guide. Water was leaking around all windows and doors. The header over the garage door was rotted along with all windows. Insulation was getting wet from rain hitting the home and was causing mold problems with [sic] resulted in an odor inside the home. Siding behind the chimney was not removed with [sic] the home was re-sided. At the front porch corner, where porch posts meet the house, there was no flashing or seal to prevent water from running behind siding. Water was coming around and behind all light fixtures and outlets on the exterior of the home. Siding was loose and falling off because of not being properly installed to manufac-

_____

1. Plaintiffs assert, after a reasonable search, they have found that "Fenton and Robert" is not listed as a registered business entity with the Pennsylvania Department of State.

turer specs. All aluminum fascia was not properly nailed causing fascia to buckle and come loose. Ridge vent on the main roof and garage was loose and falling off due to the wrong size nails being used to fasten ridge vent. The garage walls had the same problems as the home. The garage roof plywood at fascia line was not even; drip edge was faced nailed to try to close off space. As the nails were end nailed into the plywood, not only were they not holding, they cause the plywood to de-laminate."

In addition to the allegations of substandard workmanship, plaintiffs' complaint attempts to involve Ms. Fenton in the action on the following bases:

"It is believed and therefore averred that in addition to essentially selling the job to plaintiffs for her husband, the "Fenton" of "Fenton and Robert" stands for Joan L. Fenton. . . .

"It is believed and therefore averred that all of the funds went into a joint account or at least an account defendant Joan L. Fenton had access thereto.

"It is further believed that defendant Joan L. Fenton is involved with her husband, defendant Robert H. Fenton in the operation of the business and receives the benefit therefrom."

Defendants' answer to the amended complaint specifically denies that Ms. Fenton informed plaintiffs that Mr. Fenton could perform the desired work on the home. Further, the answer asserts that the work proposal was submitted solely by Mr. Fenton and he alone operates "Fenton and Robert."

After reviewing the record before us, we believe a cause of action against Ms. Fenton has not been estab-

lished. The basis for the complaint is the substandard construction work performed by Mr. Fenton, and plaintiffs do not provide any evidence that Ms. Fenton participated in such. Nowhere does the complaint contend that Ms. Fenton provided any physical labor to the construction project, nor does it suggest that she assisted in purchasing and installing materials. While plaintiffs allege that she was involved in the formation of the contractual relationship between them and Mr. Fenton, they do not provide a contract, proposal, or invoice on which Ms. Fenton's signature appears. Finally, plaintiffs do not offer any actual evidence suggesting that Mr. and Ms. Fenton are partners in the construction business. They merely preface their contention that defendants operate the business together with the phraseology, "It is believed and therefore averred."

Accordingly, we find that plaintiffs have not established a cause of action against Ms. Fenton and defendants' preliminary objections in the form of a demurrer are sustained.

And now, June 16, 2010, defendants' preliminary objections in the nature of a demurrer are sustained.